■ ELAINE LONDON, an Infant, by her Guardian ad Litem, LEON LONDON, et al., Appellants, v. SMITH-CAIRNS MOTOR SALES COMPANY, INC., et al., Respondents.—Judgment for defendants affirmed, with $50 costs to defendants-respondents. This personal injury case has been tried twice. Despite sympathetic factors in plaintiffs' favor it is quite clear that on the facts the infant plaintiff could not and should not prevail. And neither of the two juries who heard the case found in her favor. Unfortunately, the court in this trial injected himself into the proceedings to an extent that constituted error. In a close or doubtful case this conduct might well be considered grounds for reversal. In the light of the facts as established, we conclude that it did not prejudice the plaintiffs (*Morello* v. *Brookfield Constr. Co.*, 2 A D 2d 849). Concur — Botein, P. J., Rabin and Steuer, JJ.; Valente and Witmer, JJ., dissent in a memorandum by Valente, J.: In this action to recover damages for personal injuries sustained by an 11-year-old infant on January 24, 1961, plaintiffs appeal from a judgment entered in favor of defendants upon a jury's 10 to 2 verdict. Regrettably, I cannot join the majority of this court in voting to affirm the judgment. Despite my concurrence that the verdict of the jury was not contrary to the weight of the evidence, I am constrained to dissent and vote for a reversal of the judgment and the granting of a new trial because plaintiffs were deprived of a fair trial. This court unanimously reversed a judgment for a plaintiff entered upon a verdict of a jury, and granted a new trial in *Siefring* v. *Marion* (22 A D 2d 765). In that case we said (p. 766): "The frequent interruptions and unnecessary and excessive participation by the trial court in the matter of the examination of witnesses, particularly during cross-examination by defendants of plaintiffs' medical experts, were unjustified and prejudicial to the defendants. In this case, the Judge 'so far injected himself into the proceedings that the jury could not

review the case in the calm and untrammeled spirit necessary to effect justice.' (*Kamen Soap Prods. Co.* v. *Prusansky & Prusansky*, 11 A D 2d 676; see, also, *Buckley* v. *2570 Broadway Corp.*, 12 A D 2d 473; *Whitehead* v. *Mutual Life Ins. Co.*, 264 App. Div. 647; *Henry* v. *Board of Educ.*, 20 A D 2d 555.) " The record in the instant case presents a clear instance of excessive participation by the trial court in the matter of the examination of witnesses and the injection of the Justice into the case to such an unusual extent as to prevent a review of the evidence by the jury "in the calm and untrammeled spirit necessary to effect justice." In the table prepared by appellants in their brief, it is calculated that out of 976 pages in the record, the Trial Justice participated to some extent in examination or comment in 603 pages, while counsel for both sides did so in only 373 pages. The accuracy of that table is not challenged by respondents. In fact, respondents frankly admit "there is no doubt that the Trial Justice injected himself into the trial to an unusual extent", and that "In his excessive zeal to see that all the facts and circumstances of the case were fully developed for the jury, he repeatedly took over the direct and the cross-examination of the various witnesses and then proceeded to conduct lengthy examinations which frequently encumbered the record with repetitious detail." Such overactive participation by the Trial Justice cannot be condoned upon any basis that the overzealousness may have been prompted by a desire to see that all the facts and circumstances surrounding the accident were brought to the attention of the jury. Nor can the patently disingenuous testimony of some of plaintiffs' witnesses serve as an adequate excuse for the inordinate intervention of the Trial Justice. The accepted concept of the function of a Judge presiding at a jury trial does not include excessive participation which will inevitably affect the fair consideration of the case by the jury. (See *Salzano* v. *City of New York*, 22 A D 2d 656.) The function of a trial is to reach a result between the contending parties which is as consonant with justice as is humanly possible. In attempting to accomplish that ideal, the Trial Justice, the jury, counsel and witnesses have their separate contributions to make within the rules prescribed by the courts and statutes for the conduct of a fair trial. Whenever any of these unreasonably oversteps the limits or bounds set for them, an unfair trial results. Maintaining the form and substance of a fair trial is more important to the administration of justice than the outcome of the case to the litigants. We may not permit erosions of so fundamental a principle upon any basis of a cynical philosophy that the improper means can be justified by the desirable end. The majority of this court concedes that the Trial Justice "in this trial injected himself into the proceedings to an extent that constituted error." Error of such a grave nature must be deemed prejudicial as a matter of law and should not be disregarded irrespective of the weight of the evidence.* Whether the same result can be predicted or not upon a fair trial, the appellate courts should require a new trial when there is an unquestionable gross deviation from the traditional concepts of a fair trial. That is what occurred in the instant case by virtue of the excessive participation by the Trial Judge at the trial. I, therefore, dissent and would reverse the judgment and grant a new trial, with costs to abide the event, on the ground that plaintiffs were not afforded a fair trial.

---

* The statement in the majority memorandum that "neither of the two juries who heard the case found in her [plaintiff's] favor" may leave the impression that there were verdicts on two trials. In fact, the first trial resulted in a disagreement and a mistrial. Hence, only one jury has actually passed on the issues.