■ GEORGE JOHNSON, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated December 21, 1981, which awarded plaintiff the principal sum of $300,000, upon a jury verdict (following an apportionment of a $400,000 verdict as to damages at 25% against plaintiff and 75% against defendant). Judgment reversed, on the facts, without costs or disbursements, and a new trial granted with respect to the issue of damages only, unless, within 20 days after service upon plaintiff of a copy of the order to be made hereon, with notice of entry, he shall serve and file in the office of the clerk of the Supreme Court a written stipulation consenting to decrease the verdict as to damages to $100,000 and to the entry of an amended judgment in favor of plaintiff in the principal sum of $75,000 (following apportionment). In the event plaintiff so stipulates, then the judgment, as so amended and decreased, is affirmed, without costs or disbursements. We find that the $400,000 verdict arrived at by the jury is excessive and contrary to the weight of the evidence (see *Senko v Fonda,* 53 AD2d 638). As the result of a fall on an icy surface outside of a supermarket in Mahopac, New York, owned by defendant, plaintiff sustained injuries which were diagnosed to include an acute strain of his lower back and a herniated disc in the lumbar portion of his spinal column. Although plaintiff was bedridden and in a great deal of pain for approximately two months following the accident, his medical special damages were modest and he required no hospitalization or surgery. A neurologist

testified that plaintiff's condition resulting from the accident would leave him at greater risk of recurrent attacks with the same symptoms. With the exception of one such incident, approximately one year and two months after his fall, however, plaintiff has experienced no major recurrence of the pain resulting from the injuries to his spinal column. There is also insufficient evidence on the record to support plaintiff's claim of loss of earning capacity due to his injury. He presented no documentary evidence to substantiate his claim that he earned approximately $25,000 per year as a real estate broker and speculator prior to the accident. The income tax returns he produced revealed far lower figures. Although plaintiff stated that these figures included adjustments for such items as business expenses and capital gains, he produced no accountant, economist or other expert witness to substantiate his claims as to his past and projected income. According to plaintiff's own admissions, he now holds the equivalent of a full-time job. In June of 1981, plaintiff accepted a part-time civil service position as sealer of weights and measures for Putnam County, for which he stated he was paid $9,680 per year. He spends the other half of his time in the real estate business. Based upon the foregoing, we find that the award of damages was excessive to the extent indicated herein. Damiani, J. P., Mangano, Thompson and O'Connor, JJ., concur.