■ George A. Bielich, Respondent, v James P. Winters et al., Appellants, et al., Defendant. — Resettled judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered on December 23, 1982, is unanimously reversed, on the law and the facts, without costs or disbursements and a new trial ordered on the issue of damages only. The appeal from the judgment of said court entered on June 1, 1982 is dismissed, without costs, as superseded by the aforesaid resettled judgment. Defendants Winters and Norwich Sanitation Corp. appeal from a judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered June 1, 1982, which, after a jury trial, found in plaintiff's favor in the sum of $150,000 in special damages and $50,000 in general damages for a total of $200,000 against all the defendants. The judgment was resettled on December 23, 1982 to the extent of setting it aside as against the nonappealing defendant Ever Ready Sanitation Corp. as there was no basis for imposing liability against it. The judgment as resettled is reversed, on the law and the facts, without costs or disbursements, and a new trial ordered on the issue of damages only. The plaintiff is an architect specializing in designing airline terminal buildings. His evidence of his earnings lost due to his alleged injury in this automobile negligence case consisted solely of testimony that he lost 2,374 hours of working time in five calendar years at hourly rates varying as the years progressed from $50 an hour to $120 an hour. This evidence was permitted without any adjustment to reflect his business expenses, such as for office rent, four draftsmen and a secretary. This was error. The plaintiff is not entitled to gross earnings but only to his profits lost measured by "the total receipts that he would have produced in his business during the period of his disability and deducting therefrom only such business expenses as would necessarily be related to the production of that income" (*Young v Utica Mut. Ins. Co.,* 86 AD2d 764; see, also, *McRoberts Protective Agency v Lansdell Protective Agency,* 61 AD2d 652). The plaintiff was also permitted to give testimony of work opportunities lost due to his injury. This was entirely speculative, not established to a reasonable certainty (see *Steitz v Gifford,* 280 NY 15, 20). Reference was made to contracts with Air India and Iberia Airlines, but the plaintiff testified that he was fully paid for both contracts. He testified to preliminary discussions with Sabina, El Al, Swiss Air and KLM but there was no proof that these discussions even approached contract status. Moreover, the plaintiff testified that he obtained all the contracts he went after. Other factors support the appellants' contention that the plaintiff failed to establish his damages with reasonable certainty. The bill of particulars claimed special damages of $95,400 but at trial this was boosted without explanation, to $167,600. There was also the incredible nature of the plaintiff's claim of lost working hours based on 10- to 12-hour days, seven days a week, and 52 weeks a year. There was also the plaintiff's failure to call an accountant to substantiate his lost earnings in disregard of the representation in the opening statement that he would do so. Adding to these factors were the court's erroneous denial of the defendants' request for the plaintiff to produce his contracts that were contemporaneous with his

convalescence and the failure to charge that lost earnings damages must be established with reasonable certainty. Concur — Sullivan, J. P., Silverman, Lynch, Milonas and Alexander, JJ.