■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MANOR, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered September 29, 1983, upon a verdict convicting defendant of the crime of arson in the third degree.

The indictment of this 18-year-old defendant stemmed from the burning of J. B. Scott's Lounge in the City of Albany during the commission of a burglary by defendant and two accomplices on July 22, 1982. In addition to the charge of arson in the third degree, the indictment also charged defendant with the crimes of reckless endangerment in the first degree and burglary in the third degree. However, only the arson charge was submitted to the jury. Following defendant's conviction of that charge, he was sentenced to an indeterminate prison term of 5 to 15 years.

On this appeal, defendant argues that the trial court excessively interfered with the examination of witnesses and with the conduct of the trial so as to deprive him of a fair trial. To substantiate this argument, defendant points out the court's interruption of the District Attorney's examination of the witness William Clark to inquire as to whether an accelerant was used to start the fire and the point of origin of the fire. Additionally, defendant charges that the court interrupted the District Attorney to question the witness Theresa Robinson about her participation in a party where she allegedly overheard statements by defendant admitting to the crime. We believe these and other similar inquiries by the trial court are not prejudicial, but, rather, attempt to explain and clarify discrepancies that arose from the testimony as it was given (see, People v Hazen, 94 AD2d 905, 906). As to the court's persistent questioning of defendant's witness David Pidgeon, this was made necessary by the equivocal manner in which that witness evaded and eluded answering the court's question as to whether a particular document contained his signature. We find no basis to criticize the conduct of the trial court in regard to its inquiries in this case.

In regard to the sentencing, the crime created the potential of grave danger to human life even though the actual damage was to the nightclub only. Defendant's prior involvement with the law began with arrests dating back to 1981. Although this conviction is his first felony, he has had prior probation and short periods of incarceration. This history, plus the seriousness of defendant's conviction, supports the imposition of the maximum sentence that was imposed, and the judgment of conviction should be affirmed.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.