■ SUSAN FLATLEY, Respondent, v FELIX HARTMANN et al., Appellants.—In an action to recover damages for trespass and intentional infliction of emotional distress, the defendants appeal from an order of the Supreme Court, Nassau County (Widlitz, J.), dated June 10, 1987, which granted the plaintiff's motion for leave to serve an amended and supplemental complaint and denied the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (7) and 3212.

Ordered that the order is affirmed, with costs.

This action arises from a long-standing feud between neighbors. Although there is also reference to "overhanging" branches, the plaintiff's first cause of action, sounding in trespass, is premised primarily upon the defendants' alleged planting of trees and shrubs, and their alleged construction of a fence on the plaintiff's property. By her second cause of action, sounding in intentional infliction of emotional distress, the plaintiff alleges that the defendant Madeline Hartmann made repeated telephone calls to the plaintiff's house only to hang up as soon as someone answered, that as a consequence of these telephone calls, the defendant Madeline Hartmann pleaded guilty in a local criminal court to a reduced charge of harassment (see, Penal Law § 240.25 [5]), and that, notwithstanding her conviction for harassment, she continued to make the same "type" of telephone calls. By the order appealed from, the plaintiff was granted leave to serve an amended and supplemental complaint adding two additional causes of action, one sounding in intentional infliction of emotional distress by both the defendants, the other grounded in malicious prosecution.

Since the surveys submitted by each side to this dispute give no indication as to where the allegedly offending trees and shrubs are planted and since those surveys do not demonstrate conclusively where the allegedly offending fence is placed, the Supreme Court properly denied the defendants' application to dismiss the first cause of action (see, CPLR 3211 [a] [1]; 3212). Moreover, although "overhanging tree[s]" do not constitute trespass (Ivancic v Olmstead, 66 NY2d 349, 352, cert denied 476 US 1117), whether the plaintiff may recover therefor, for example, in nuisance (cf., Ivancic v Olmstead, supra, at 352; see, CPLR 3212) cannot be determined from the present record.

The Supreme Court also properly declined to dismiss the second cause of action. The conduct complained of is actionable, notwithstanding the absence of "physical contact" (cf., Halio v Lurie, 15 AD2d 62, 66; see, CPLR 3211 [a] [7]). The record also establishes the existence of questions of fact as to whether defendant Madeline Hartmann's alleged conduct exceeded the bounds of decency and as to whether the plaintiff suffered genuine and severe distress as a result (see, Halio v Lurie, supra; see also, Murphy v Murphy, 109 AD2d 965; CPLR 3212).

Furthermore, the Supreme Court did not abuse its discretion by granting the plaintiff leave to amend and supplement

the complaint so as to include the additional causes of action. Leave to amend is to be freely given, the defendants made no claim of prejudice or surprise, and the third and fourth causes of action are premised on additional or subsequent occurrences (CPLR 3025 [b]). Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.