■ DAVID W. ROSE, Appellant, v DAVID A. ROSE, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered March 9, 1988, as conditionally granted the defendant's posttrial application to set aside the jury verdict of $295,000 as excessive, unless the plaintiff agreed in writing before March 15, 1988, to a reduction of the verdict to $175,000, and (2) so much of an order of the same court, entered April 5, 1988, as set aside the jury verdict and granted a new trial on the issue of damages only.

Ordered that the appeal from the order entered March 9, 1988 is dismissed as that order was superseded by the order entered April 5, 1988; and it is further,

Ordered that the order entered April 5, 1988 is affirmed insofar as appealed from, without costs or disbursements, and

a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, together with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $175,000, and to the entry of a judgment accordingly; in the event that the plaintiff so stipulates, then the order entered April 5, 1988 is reversed insofar as appealed from, with costs, the posttrial motion is denied to the extent that it seeks to set aside the verdict as so reduced, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of the plaintiff in the principal sum of $175,000.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury (see, Jandt v Abele, 116 AD2d 699; Senko v Fonda, 53 AD2d 638). However, the plaintiff's main injuries in the instant case were three fractured lumbar vertebrae and soft tissue injury to the knee. On the record before us, we agree with the trial court that the $295,000 awarded by the jury was excessive to the extent indicated (see, Johnson v Great Atl. & Pac. Tea Co., 92 AD2d 884; Stier v Weissman, 73 AD2d 1027). Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.