■ GERARD PAPA et al., Respondents, v CITY OF NEW YORK et al., Appellants. [598 NYS2d 558] —In an action to recover damages for personal injuries resulting, *inter alia,* from assault and battery, negligence, false arrest, malicious prosecution, and civil rights violations, the defendants appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered July 24, 1990, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $76,115,000, as reduced by the court to $6,163,250.36 (including, *inter alia,* $140,000 for the plaintiff Gerard Papa's past loss of earnings, $1,295,000 for Papa's future lost earnings, $100,000 for Papa's past pain and suffering, $925,000 for Papa's future pain and suffering, $40,000 for Papa's past emotional distress, $.06 for past injury to reputation, $.06 for future injury to reputation, $370,000 for Papa's future emotional distress, $500,000 for past shame and humiliation, $.06 for future shame and humiliation, $1,250,000 for Papa's punitive damages, $122,100 for Papa's attorneys' fees pursuant to 42 USC § 1988, and $10,000 for legal expenses; and representing, *inter alia,* $25,000 for the plaintiff James Rampersant, Jr.'s past and future pain and suffering, $40,000.06 for Rampersant's emotional distress, $25,000.06 for Rampersant's shame and humiliation, $25,000.06 for Rampersant's past and future injury to reputation, $1,250,000 for Rampersant's punitive damages, $36,150 for Rampersant's attorneys' fees pursuant to 42 USC § 1988, and $10,000 for legal expenses).

Ordered that the judgment is modified, on the facts and as a matter of discretion: (1) by awarding the plaintiff Gerard Papa the principal sum of $4,072,600, representing $3,100,500 for future loss of earnings, $100,000 for past pain and suffering,

$40,000 for past emotional distress, $500,000 for past shame and humiliation, $100,000 for past injury to reputation, $100,000 for future injury to reputation, $122,100 for attorneys' fees pursuant to 42 USC § 1988, and $10,000 for legal expenses, and adding thereto a provision vacating Papa's claim for past loss of earnings, and a further provision severing Papa's claim for damages for future pain and suffering, future emotional distress, future shame and humiliation, and punitive damages, and granting a new trial with respect thereto unless Papa shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by him consenting to decrease the award of damages for future pain and suffering from the principal sum of $925,000 to the principal sum of $300,000, consenting to decrease the award of damages for future emotional distress from the principal sum of $370,000 to the principal sum of $100,000, and consenting to decrease the award of punitive damages from the principal sum of $1,250,000 to the principal sum of $500,000, and to the entry of an amended judgment accordingly, and (2) by reducing the principal sum awarded to the plaintiff James Rampersant, Jr., as compensatory damages to $136,150.18, representing damages for past and future pain and suffering, past and future emotional distress, past and future shame and humiliation, future damage to reputation, attorneys' fees pursuant to 42 USC § 1988, and legal expenses, and adding thereto a provision vacating Rampersant's claim for damages for past injury to reputation, and dismissing that claim, as well as a further provision severing Rampersant's cause of action for punitive damages and granting a new trial with respect thereto unless Rampersant shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by him consenting to decrease the award of punitive damages from the principal sum of $1,250,000 to the principal sum of $500,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff Gerard Papa's time to serve and file a stipulation is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry; in the event that Gerard Papa so stipulates, then the judgment as to him, as so modified and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff James Rampersant, Jr.'s time to

serve and file a stipulation is extended until 30 days after the service upon him of a copy of this decision and order, with notice of entry; in the event that the plaintiff James Rampersant, Jr., so stipulates, then the judgment as to him, as so modified and amended, is affirmed insofar as appealed from, without costs or disbursements.

The evidence adduced at trial established that at approximately 11:40 P.M. on the night of March 12, 1986, the plaintiff Gerard Papa, a 32-year old white man, and the plaintiff James Rampersant, Jr., a 24-year old black man, were driving in Papa's two-toned Lincoln Town Car in the area of Stillwell and Surf Avenues in Coney Island, when they were blockaded by five undercover police officers traveling in two unmarked cars. The police thereafter fired several shots into the plaintiffs' vehicle, and then dragged the two men out and beat them. Following this, the plaintiffs were arrested and charged with attempted murder in the first degree, for colliding with the two police vehicles in their attempts to escape, as well as with several lesser felonies. It was four and one-half hours before Papa, who was bleeding from the head, was given any medical attention; and it was approximately 22 hours before the two plaintiffs were fed. During most of their stay at the 60th Precinct, the plaintiffs were kept handcuffed to a pipe. Almost two days after their arrest, the plaintiffs were finally arraigned and then released on their own recognizance. More than three months elapsed before all charges were dismissed upon the District Attorney's motion. During this time the arrest of the plaintiffs for attempted murder received considerable publicity. The trial evidence established that Papa was a brilliant young attorney, who had specialized in taxation as an associate with a Wall Street law firm. Papa had further distinguished himself by founding The Flames, a local parish basketball team, to which he had been devoting himself full-time at the time of the beating. He had created the team by drawing upon young Italian-American men from Bensonhurst as well as black and Hispanic youths from the nearby Marlboro housing projects. Although initially beset by difficulties, "The Flames" ultimately began to win championships, and expanded to include, *inter alia,* a community softball league. Following the beatings, from which Papa suffered, among other injuries, two herniated discs and brain damage, The Flames underwent an eclipse—allegedly because Papa could no longer function as he had done in the past, and because the adverse publicity attending Papa's arrest for attempted murder in the first degree led to decreased participation and reduced funding.

There is no merit to the defendants' suggestion on appeal that the Trial Justice, who asked an occasional question to clarify the testimony and expedite the proceedings, in any way prejudiced the defense thereby (see, *People v Yut Wai Tom*, 53 NY2d 44, 56-57; *Pallota v West Bend Co.*, 166 AD2d 637; *Jordan v Parrinello*, 144 AD2d 540; *LaMotta v City of New York*, 130 AD2d 627; *Accardi v City of New York*, 121 AD2d 489; *People v Manor*, 116 AD2d 921; *Gallo v Supermarkets Gen. Corp.*, 112 AD2d 345, 348). We note that only two of the Trial Justice's inquiries complained of on appeal were timely objected to by defense counsel. Even assuming that these two preserved intrusions constituted error, they could not possibly warrant reversal and a new trial in view of the fact that this was far from a "close or doubtful case" (*London v Smith-Cairns Motor Sales Co.*, 23 AD2d 657, affd 17 NY2d 497).

Although the Trial Justice improvidently exercised his discretion in admitting into evidence a videotape compiled from four news broadcasts depicting Papa as he was before the beating, we conclude that any error must be considered harmless in view of the court's limiting remarks, and in view of the fact that the evidence was essentially cumulative of the rather extensive testimony by numerous witnesses regarding Papa's "pre-morbid" personality (see, *Rubin v Aaron*, 191 AD2d 547; *People v Carter*, 132 AD2d 561; *Mayes v County of Nassau*, 31 AD2d 638). In any event, we note that the defendants never challenged Papa's contention that he had been bright, cheerful, and self-confident before the beating, premising their defense instead upon the theory that he was essentially unaltered afterwards.

The trial court did not err in adopting a very specific verdict sheet, with precise interrogatories addressed to individual items of liability and a meticulous breakdown of traditional damages. The rule is well settled that a general verdict in favor of a plaintiff can stand only if each and every theory presented to the jury was adequately supported by the proof; and the court therefore properly obviated the necessity for a new trial on liability and/or damages in the event of a general verdict in the plaintiffs' favor by adopting a scrupulously detailed verdict sheet (see, *Davis v Caldwell*, 54 NY2d 176; *Rossignol v Silvernail*, 146 AD2d 907, 909; *Russo v Jess R. Rivkin, D.D.S., P.C.*, 113 AD2d 570; *Mertsaris v 73rd Corp.*, 105 AD2d 67; *Quigley v County of Suffolk*, 75 AD2d 888, 889). In addition, the Trial Justice expressly instructed the jury to take care not to award redundant damages, explaining that

one injury caused by multiple wrongs justified only one recovery—*not* a recovery multiplied by the number of wrongs.

The defendants did not request a missing-witness charge with respect to the plaintiffs' nontestifying treating physicians, and did not object to the absence of such an instruction from the charge as given, with the result that this issue is unpreserved for appellate review *(see,* CPLR 4110-b; *People v Morris,* 140 AD2d 551; *Woodring v Board of Educ.,* 79 AD2d 1022; *O'Neill v Cross County Hosp.,* 61 AD2d 1008).

There is no support in the record for the award to Papa of $140,000 in past lost earnings. This figure appears to have been arrived at by multiplying $35,000, or Papa's annual salary approximately seven years before the incident, when he was a fourth-year associate at Seward & Kissel, a Wall Street law firm, by four, since there were four years between his beating and the trial. However, the record is clear that Papa worked as a solo practitioner after leaving Seward & Kissel in 1979, although he presented no evidence as to his income during the years 1979 through 1986. It is the plaintiff's burden to establish his own loss of "actual" past earnings with "reasonable certainty"—e.g., by submitting tax returns and/or other relevant documentation *(see, Bielich v Winters,* 95 AD2d 750; *Johnson v Great Atl. & Pac. Tea Co.,* 92 AD2d 884, 885; *Colegrove v City of Corning,* 54 AD2d 1093, 1094-1095; 36 NY Jur 2d, Damages, §§ 68, 69, 198; PJI 2:290). Because there was a failure of proof relative to Papa's lost past earnings, the $140,000 awarded on that claim must be vacated, and that claim must be dismissed.

Similarly, there was a failure of proof as to the plaintiff Rampersant's past injury to reputation, with the result that the $25,000 award for that item of damages must be vacated, and that claim dismissed. Although at common law, a malicious prosecution is *presumed* to be harmful to one's reputation (Restatement [Second] of Torts § 670, comment *a),* prevailing authority requires an objective showing of the victim's reputation before the false arrest and malicious prosecution, versus its damaged condition afterwards. Aside from Rampersant's testimony that he felt that he had lost esteem in his church and community, there was no objective evidence that he had enjoyed certain respect before which he lost afterwards as a consequence of his arrest *(see, Loeb v Teitelbaum,* 77 AD2d 92, 104-105, *amended* 80 AD2d 838).

On the other hand, the Trial Justice improperly reduced the award for Papa's future lost earnings to $1,295,000. We note that the Trial Justice arrived at the $1,295,000 figure (a

reduction of the jury's award for future lost earnings of $10,500,000) by multiplying the same unsupported $35,000 annual salary by 37 years, or Papa's total projected life span. The record, however, supports the jury's finding that Papa would have returned to a Wall Street law practice; and a partner in that firm testified, *inter alia,* that beginning salaries for fifth-year associates at the firm ranged from $117,000 to $130,000. Multiplying $117,000 by 26.5, or Papa's work-life expectancy, we conclude that a future lost earning award of $3,100,500 would not "deviate materially from what would be reasonable compensation" (CPLR 5501 [c]).

Similarly, we find that Papa supported his claim for past and future injury to reputation, and demonstrated that the injury was the direct, natural, and proximate result of the wrongful prosecution *(see, Sheldon v Carpenter,* 4 NY 579; *Loeb v Teitelbaum,* 77 AD2d 92, 104-105, *amended* 80 AD2d 838, *supra).* There was evidence that his arrest was much publicized in the media, and was bruited about in the neighborhoods where he recruited his athletes, where the popular wisdom was that "where there is smoke, there is fire". In addition, on the day following his arrest, Papa lost his municipal funding for The Flames on the ground that he had been charged with the attempted murder of several police officers. This funding was never restored. Under the circumstances, $100,000 for past damage and $100,000 for future damage to Papa's reputation is not unreasonable compensation *(compare, Hudnall v Sellner,* 800 F2d 377).

Although Papa is a respondent on this appeal, his stipulation to accept the trial court's reduction of the foregoing awards entitles him to request full or partial reinstatement up to the sum voted by the jury *(see,* CPLR 5501 [a] [5]; *Hecht v City of New York,* 60 NY2d 57; *Donohoe v Goldner,* 168 AD2d 412; *Schliessman v Anderson,* 31 AD2d 367).

However, to the extent that Papa's damages verdict for future pain and suffering exceeds $300,000, and to the extent that his damages verdict for future emotional distress exceeds $100,000, we find that the verdict "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]).

Because " ' "even outrageous conduct" ' " on the part of a defendant " ' "will not support an oppressive or patently excessive award" ' " of punitive damages *(Vasbinder v Scott,* 976 F2d 118, 121, quoting *Brink's, Inc. v City of New York,* 546 F Supp 403, 413-414), we deem it appropriate to reduce the punitive damages awarded in this case from $2,500,000 to

$1,000,000 ($500,000 payable to each plaintiff), or $100,000 payable to each plaintiff by each of the five police officer defendants.

The defendants' contention that the plaintiffs were not entitled to attorneys' fees pursuant to 42 USC § 1988 is unpreserved for appellate review, and in any event is without merit. We note that the verdict sheet interrogatories and the court's charge were expressly cast in constitutional language, even though the Federal statute was not therein invoked by number, with the result that the jury's factual findings that the plaintiffs' constitutional rights had been egregiously violated warranted imposition of reasonable attorneys' fees pursuant to 42 USC § 1988 (see, Miller v Lovett, 879 F2d 1066; Harradine v Board of Supervisors, 73 AD2d 118, 124-127; see also, Torres v Superintendent of Police, 893 F2d 404, 410; Morales v Ramirez, 906 F2d 784, 788). We note that the defendants failed to carry their burden of showing how the award of these attorneys' fees would be unjust or otherwise contraindicated by "special circumstances" (Hensley v Eckerhart, 461 US 424, 429; Matter of Johnson v Blum, 58 NY2d 454, 457-458; Matter of Rahmey v Blum, 95 AD2d 294).

In the event that Gerard Papa declines to stipulate to the modified amounts, there shall be a new trial on the issue of damages for Papa's future lost earnings, future pain and suffering, future emotional distress, and punitive damages. In the event that James Rampersant, Jr., declines to stipulate to the modified amount for his punitive damages, there shall be a new trial on the issue of his punitive damages. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.