■ CHARLES BUNGE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [627 NYS2d 769] —In an action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Huttner, J.), entered June 15, 1993, which, upon a jury verdict, is in favor of him and against the defendant in the principal sum of $20,000 ($8,840 for loss of earnings, $5,307 for medical expenses, and $5,853 for past pain and suffering).

Ordered that the judgment is modified, on the facts and as an exercise of discretion, with costs, by deleting the provision thereof awarding the plaintiff $5,853 for past pain and suffering, and a new trial is granted on the issue of damages for past pain and suffering unless, within 20 days after service upon the defendant of a copy of this decision and order with notice of entry, the defendant serves and files in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict with respect to damages for past pain and suffering from the sum of $5,853 to the sum of $20,000 and to increase the total award of damages to the plaintiff from the sum of $20,000 to the sum of $34,147 and to the entry of an amended judgment in the principal sum of $34,147; in the event that the defendant so stipulates, then the judgment as so increased and modified, is affirmed, with costs to the plaintiff payable by the defendant, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

On July 26, 1990, the plaintiff was a passenger on a subway train which was struck by another train in Brooklyn. The plaintiff testified at the trial that, as a result of the accident, he suffered a knee injury that caused him great pain and that made it difficult for him to walk and to enjoy his normal activities. He also testified that the injury caused him to lose his job as a stock clerk at a hardware store and that he was unable to return to work for approximately two years.

The plaintiff failed to establish with reasonable certainty his loss of earnings *(see, People v City of New York,* 194 AD2d 527, 531; *Bielich v Winters,* 95 AD2d 750). Moreover, the jury properly accepted the evidence submitted by the defendant regarding the extent of the plaintiff's injury and properly concluded that the plaintiff could have returned to work in less than two years. Therefore, the jury properly awarded the plaintiff $8,840 for lost earnings. However, the award for past

pain and suffering is inadequate to the extent indicated. Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.