■ GERARD GOMEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [688 NYS2d 661] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated December 12, 1997, as (a) granted those branches of the defendants' motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict in favor of the plaintiff to the extent

of directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the verdict as to damages for past pain and suffering from $1,000,000 to $100,000 and damages for future pain and suffering from $500,000 to $25,000, and (b) denied his cross motion to reinstate that part of the verdict which awarded the plaintiff $2,500,000 for past lost earnings, which the court had set aside as against the weight of the evidence upon the defendants' application.

Ordered that the order is modified, on the facts and as an exercise of discretion, by deleting the provision thereof which ordered a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulates to reduce the award for past pain and suffering to $100,000 and for future pain and suffering to $25,000, and substituting therefor a provision ordering a new trial on the issue of damages unless the plaintiff stipulates, within 30 days after service upon him of a copy of this decision and order, with notice of entry, to reduce the award for past pain and suffering to $200,000 and for future pain and suffering to $100,000; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff did not meet his burden in establishing his past lost earnings with reasonable certainty (*see, Bacigalupo v Healthshield, Inc.,* 231 AD2d 538; *Calo v Perez,* 211 AD2d 607, 608; *Papa v City of New York,* 194 AD2d 527, 531). The plaintiff submitted only conclusory, unsubstantiated testimony and submitted no pertinent documentary evidence (*see, Bailey v Jamaica Buses Co.,* 210 AD2d 192; *Papa v City of New York, supra*). Accordingly, he is not entitled, as a matter of law, to recover damages for past lost earnings.

The jury awards of $1,000,000 for past pain and suffering, and $500,000 for future pain and suffering, as reduced by the trial court to $100,000 and $25,000 respectively, deviated materially from what would be reasonable compensation (*see,* CPLR 5501 [c]), and should be increased to the extent indicated herein. S. Miller, J. P., O'Brien, Ritter and Santucci, JJ., concur.