■ CAROLYN LYNCH, Respondent, v COUNTY OF NASSAU et al., Appellants. [717 NYS2d 248] —In an action to recover damages for false arrest, malicious prosecution, and intentional infliction of emotional distress, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (McCarty, J.), entered September 24, 1999, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sums of $50,000 for diminution of earnings, $25,000 for loss of reputation and humiliation, and $75,000 for intentional infliction of emotional distress, and in favor of the plaintiff and against the defendant Nancy Tucker in the principal sum of $100,000 for punitive damages.

Ordered that the appeal by the defendants County of Nassau and Nassau County Police Department from so much of the judgment as is in favor of the plaintiff and against the defendant Nancy Tucker in the principal sum of $100,000 for punitive damages is dismissed, as those defendants are not aggrieved by that part of the judgment; and it is further,

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding the plaintiff $25,000 for loss of reputation and humiliation, $75,000 for intentional infliction of emotional distress, and $100,000 for punitive damages against the defendant Nancy Tucker, and directing a new trial on the issue of those damages only; as so modified, the judgment is affirmed, with costs, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for loss of reputation and humiliation from the sum of $25,000 to $10,000, for intentional infliction of emotional distress from the sum of $75,000 to $25,000, and for punitive damages against the defendant Nancy Tucker from the sum of $100,000 to $50,000, and to the entry of an appropriate amended judgment in her favor; in the event that the

plaintiff so stipulates, the judgment in her favor, as so reduced and amended, is affirmed, without costs or disbursements.

It is clear that the plaintiff suffered humiliation and a deprivation of liberty as a result of being arrested, handcuffed, booked, and fingerprinted, and by the subsequent criminal proceedings. However, there was little objective evidence that she suffered significant damage to her reputation as a result of the defendants' actions (*see, Loeb v Teitelbaum,* 77 AD2d 92, 104-105). Accordingly, the damages for loss of reputation and humiliation are reduced to $10,000 (*see, Papa v City of New York,* 194 AD2d 527, 531; *Loeb v Teitelbaum, supra*).

Furthermore, we agree with the defendants' contention that the award of $75,000 in damages for intentional infliction of emotional distress deviates materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]; *Papa v City of New York, supra*).

Although we are mindful that an award of punitive damages is not to be lightly disturbed (*see, Nardelli v Stamberg,* 44 NY2d 500, 503), the record discloses that the award of $100,000 in punitive damages against Nancy Tucker deviates materially from what would be reasonable in this case to the extent indicated, "considering the purpose to be achieved as well as the *mala fides* of the defendant in [this] particular case" (*Faulk v Aware, Inc.,* 19 AD2d 464, 472, *affd* 14 NY2d 899, *cert denied* 380 US 916; *see, Byrd v New York City Tr. Auth.,* 172 AD2d 579).

The defendants' remaining contentions are without merit. Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.