In an action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Kings County (Vaughan, J.), entered November 28, 2001, which, upon a jury verdict on the issue of liability and a separate jury verdict on the issue of damages, inter alia, awarding the plaintiff the sums of $54,000 for past loss of earnings and $306,000 for future lost earnings, is in favor of the plaintiff and against them, and (2) an order of the same court dated February 27, 2002, which denied their motion pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdicts and for judgment in their favor as a matter of law, or alternatively, to set aside the jury verdicts as against the weight of the evidence and for a new trial.
Ordered that the order is modified, on the law, by (1) deleting *493 the provision thereof denying that branch of the motion which was to set aside the jury verdict on the issue of liability as against the weight of the evidence and substituting therefor a provision granting that branch of the motion only to the extent of granting a new trial on the issue of the plaintiffs comparative negligence, if any, and (2) deleting the provision thereof denying that branch of the motion which was to set aside the jury verdict on the issue of damages as against the weight of the evidence and substituting therefor a provision granting that branch of the motion only to the extent of granting a new trial on the issue of damages for past and future lost earnings; as so modified, the order is affirmed, the judgment is vacated, the findings of fact (a) that the defendants were negligent and that their negligence was a proximate cause of the accident, and (b) as to damages for past and future pain and suffering and future medical expenses are affirmed, and the matter is remitted to the Supreme Court, Kings County, for new trials consistent herewith and for the entry of an appropriate judgment thereafter; and it is further,
Ordered that the appeal from the judgment is dismissed in light of our determination on the appeal from the order; and it is further,
Ordered that any award of costs is to abide the event of a new trial.
The plaintiff allegedly sustained injuries when he tripped and fell over a metal plate covering a sewer in a common area of the basement of the apartment building where he lived. He commenced this action against the defendants Audobon at 186th Street, LLC, the owner of the building, and Successful Management Corp., the manager of the building. At the trial on the issue of liability, the plaintiff testified that he lived in an apartment in the basement for approximately IV2 years before the accident, and traversed the metal plate numerous times each day. The plaintiff never complained to the superintendent of the building regarding the metal plate. The superintendent testified that the metal plate had been there since he started working in the building in 1973. The superintendent described the metal plate as “warped,” approximately 30 inches square, one-quarter of an inch thick, and approximately one-half inch raised above the cement.
Following a bifurcated jury trial, the jury at the trial on the issue of liability found that the defendants’ negligence was a proximate cause of the plaintiff’s accident. The jury found, however, that although the plaintiff was negligent, his negligence was not a proximate cause of his accident. The jury at the trial *494 on the issue of damages, inter alia, awarded the plaintiff damages in the sums of $54,000 for past lost earnings and $306,000 for future lost of earnings. Thereafter, the Supreme Court denied the defendants’ motion to set aside the verdicts and for judgment in their favor as a matter , of law, or alternatively, to set aside the verdicts as against the weight of the evidence and for a new trial.
We agree with the defendants’ contention that the finding that the plaintiff was negligent, but that his negligence was not a proximate cause of the accident, is against the weight of the evidence (see CPLR 4404 [a]; Sinagra v City of New York, 287 AD2d 447 [2001]; Nicastro v Park, 113 AD2d 129 [1985]). In this case, “the issues of [comparative] negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause” (Bennett v City of New York, 303 AD2d 614, 614-615 [2003], quoting Kovit v Estate of Hallums, 261 AD2d 442, 443 [1999]). Thus, the proper remedy is to grant a new trial on the issue of the plaintiffs comparative negligence, if any. However, we affirm the findings that the defendants were negligent and that their negligence was a proximate cause of the accident.
We also grant a new trial on the issues of past and future lost earnings. The defendants argue that the plaintiffs testimony as to his earnings, without supporting documentation, was conclusory. While the plaintiff has the burden of establishing lost earnings with reasonable certainty by submitting relevant documentation (see Gomez v City of New York, 260 AD2d 598 [1999]; Poturniak v Rupcic, 232 AD2d 541 [1996]; Papa v City of New York, 194 AD2d 527, 531 [1993]), the plaintiff was improperly precluded from doing so by the trial court (cf. Parochial Bus Sys. v Board of Educ. 60 NY2d 539, 545-546 [1983]). However, we affirm the jury finding as to damages for past and future pain and suffering and future medical expenses.
The defendants’ remaining contentions either are academic or without merit. Santucci, J.R, Krausman, Schmidt and Rivera, JJ., concur.