■ MARYANN ROHRS, Respondent, v THEODORE ROHRS, Appellant. [793 NYS2d 532]—

In an action, inter alia, to recover damages for malicious prosecution, the defendant appeals from a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated December 8, 2003, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $50,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial on the issue of damages only is granted, unless within 20 days after service upon the plaintiff of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to decrease the verdict as to damages from the sum of $50,000 to the sum of $25,000, and to the entry of an appropriate amended judgment;

in the event the plaintiff so stipulates, the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

To recover damages for malicious prosecution, a plaintiff must establish that the underlying criminal action was terminated in his or her favor (*see Martinez v City of Schenectady,* 97 NY2d 78 [2001]; *Cantalino v Danner,* 96 NY2d 391 [2001]; *Smith-Hunter v Harvey,* 95 NY2d 191 [2000]). A dismissal, without prejudice, of the underlying criminal charges against a plaintiff, will serve as a "favorable termination" where it represents the "formal abandonment of the proceedings" (*Smith-Hunter v Harvey, supra* at 198, quoting Restatement [Second] of Torts § 659 [c] and Comment *e; see Verboys v Town of Ramapo,* 12 AD3d 665 [2004]; *cf. Tzambazis v City of New York,* 291 AD2d 397 [2002]; *Kirshenbaum v Kirshenbaum,* 203 AD2d 534 [1994]; *Campo v Wolosin,* 211 AD2d 660 [1995]; *Mondello v Mondello,* 161 AD2d 690 [1990]).

The dismissal of the pending charges against the plaintiff in this case pursuant to CPL 160.50 constituted a favorable termination as a matter of law. Accordingly, contrary to the defendant's contention, the Supreme Court properly declined to submit this issue to the jury (*see Loeb v Teitelbaum,* 77 AD2d 92, 98 [1980]).

However, we agree with the defendant's contention that the award of $50,000 for compensatory damages deviated materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *Lynch v County of Nassau,* 278 AD2d 205 [2000]). H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.