■ WILLIAM T. EVES, JR., Appellant, v JOHN RAY, Respondent. [840 NYS2d 105]—

In an action to recover damages for malicious prosecution, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Austin, J.), entered February 1, 2006, which, upon a jury verdict awarding the defendant the principal sum of $300,000 in compensatory damages on his counterclaim based on intentional infliction of emotional distress, and upon an order of the same court dated December 5, 2005, denying that branch of his motion pursuant to CPLR 4404 (a) to set aside the verdict on the counterclaim as a matter of law, and granting that branch of his motion which was to set aside the verdict on the issue of damages on the counterclaim as excessive only to the extent of granting a new trial on the issue of damages on the counterclaim unless the defendant stipulated to reduce the award to the principal sum of $50,000, and upon the defendant's stipulation, is in favor of the defendant and against him.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, and a new trial is granted on the issue of damages on the counterclaim for the intentional infliction of emotional distress, unless within 30 days after service upon him of a copy of this decision and order, the defendant shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to further reduce the verdict as to damages on the counterclaim to $25,000, and to the entry of an appropriate amended judgment, in the event that the defendant so stipulates, the judgment, as so reduced and amended is affirmed, without costs or disbursements.

The plaintiff waived his contention that the defendant's counterclaim was barred by the one-year statute of limitations for intentional infliction of emotional distress (see CPLR 3211 [e]; *Dougherty v City of Rye,* 63 NY2d 989 [1984]; *Velez v Policastro,* 1 AD3d 429, 431 [2003]). Additionally, the plaintiff failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting the counterclaim (see *Tomaszewski v Seewaldt,* 11 AD3d 995 [2004]).

In any event, the evidence established that the plaintiff

engaged in a "deliberate and malicious campaign of harassment or intimidation" (*Nader v General Motors Corp.*, 25 NY2d 560, 569 [1970]), and that such conduct was sufficiently "extreme and outrageous" so as to constitute intentional infliction of emotional distress. In particular, the record demonstrates that on several occasions, the plaintiff, in attempt to intimidate the defendant during his legal representation of the plaintiff's former wife in a custody proceeding, threatened the defendant both physically and financially, and stalked him. Moreover, the plaintiff continued to engage in this conduct despite the fact that the defendant had obtained a temporary order of protection and was pursuing a harassment charge against the plaintiff (*see Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]; *Cavallaro v Pozzi*, 28 AD3d 1075, 1078-1079 [2006]; *Bunker v Testa*, 234 AD2d 1004 [1996]; *Stram v Farrell*, 223 AD2d 260, 265 [1996]; *Flatley v Hartmann*, 138 AD2d 345, 346 [1988]). Nevertheless, the award of $50,000 in damages deviates materially from what would be reasonable compensation for this tort to the extent indicated (*see* CPLR 5501; *Lynch v County of Nassau*, 278 AD2d 205 [2000]; *Papa v City of New York*, 194 AD2d 527 [1993]).

The plaintiff's remaining contention is without merit. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur. [*See* 10 Misc 3d 1058(A), 2005 NY Slip Op 52018(U) (2005).]