■ Estate of MALCOLM FERGUSON, Deceased, by JUANITA YOUNG, as Administratrix, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents-Appellants. [901 NYS2d 609]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered July 15, 2008, which, to the extent appealed from, granted so much of defendants' motion as to set aside the jury's verdict on damages and ordered a new trial on punitive damages unless plaintiff stipulated to a reduced award of $36,000 for past loss of financial support and services and $186,000 for future loss of financial support and services, unanimously modified, on the law and the facts, the awards for past economic support, past and future loss of services and punitive damages reinstated in the amounts of $55,920, $261,094 and $2.7 million, respectively, and otherwise affirmed, without costs.

The trial court properly set aside the award of $3 million for conscious pain and suffering because plaintiff failed to show the decedent's consciousness for at least some period of time following the accident (*Cummins v County of Onondaga*, 84 NY2d 322 [1994]). Specifically, plaintiff failed to present any evidence that the decedent was conscious or had any cognitive awareness after he was shot in the head, which caused his nearly instantaneous death (*see Martin v Reedy*, 194 AD2d 255, 259 [1994]). A record that shows practically instantaneous death will not support an award for conscious pain and suffering (*see Shatkin v McDonnell Douglas Corp.*, 727 F2d 202 [2d Cir 1984]). In *Merzon v County of Suffolk* (767 F Supp 432, 444 [ED NY 1991]), the court found that the death of a suspect shot and killed by police was almost instantaneous; he never regained consciousness. Under such circumstances, the plaintiff "failed to establish any conscious pain and suffering." (*Id.*) Plaintiff's conjecture, surmise and speculation that the decedent was consciously suffering is not enough to sustain the claim (*Fiederlein v New York City Health & Hosps. Corp.*, 56 NY2d 573 [1982]). Moreover, plaintiff is wrong to assert that the award can be sustained on the theory that the decedent experienced fear of impending death when Officer Rivera first grabbed him (*see Martin*, 194 AD2d at 259). Indeed, there was no evidence that the decedent was aware that Rivera had drawn his weapon, or that the gun was only inches from his head before he was shot.

It was error for the court to vacate the jury's award for past economic support. Plaintiff, the decedent's mother, testified that her son contributed the sum of $50 per week to the household from money he earned through employment. In misplaced reliance on *Papa v City of New York* (194 AD2d 527 [1993], *lv dismissed* 82 NY2d 918 [1994]), the trial court erroneously dismissed this testimony as speculative. *Papa* stands for the proposition that proof of past lost earnings must be established with "reasonable certainty" (194 AD2d at 531). Such proof can consist of testimony (*cf. Kane v Coundorous*, 11 AD3d 304 [2004]). Those awards for lost services and economic support should be reinstated, as indicated above.

Regarding punitive damages, the court incorrectly determined that the jury's award was based in part on its finding that Rivera had negligently handled his weapon. Indeed, there was no evidence that the negligence finding played a part in this award, especially since the verdict sheet specified that punitive damages were based on the jury's finding that Rivera used excessive force during the fatal encounter. Furthermore, the jury was properly charged that punitive damages could only be

awarded if it found Officer Rivera's conduct to be wanton, reckless or malicious (*see Rivera v City of New York*, 40 AD3d 334, 344 [2007]).

On appeal, defendants no longer seek a new trial on punitive damages in order to assess Officer Rivera's net worth. They also concede that the evidence supported an award of punitive damages, but assert that the $7 million award was excessive. When reviewing a punitive damage award for excessiveness, we must examine whether it deviated materially from what is considered reasonable compensation (CPLR 5501 [c]). However, "[w]hether to award punitive damages in a particular case, as well as the amount of such damages, if any, are primarily questions which reside in the sound discretion of . . . the jury, and such an award is not lightly to be disturbed" (*Nardelli v Stamberg*, 44 NY2d 500, 503 [1978]).

Rivera's conduct, which was in complete disregard of police procedure, to say nothing of the decedent's rights (including deprivation of his right to life without due process of law), resulted in the latter's death. Defendants mistakenly rely on cases like *Papa*, which did not involve a scenario where someone was shot and killed. On this record, an award of $2.7 million would be "reasonably related to the harm done and the flagrancy of the conduct" (*see e.g. Liberman v Riverside Mem. Chapel*, 225 AD2d 283, 292 [1996]), and consistent with the purpose of punishing a defendant for wanton and reckless acts, thereby discouraging similar conduct in the future (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007]). Concur— Tom, J.P., Mazzarelli, Andrias, Saxe and DeGrasse, JJ.