(October 22, 2015)

■ BLANCA SOLTERO, Respondent, v CITY OF NEW YORK, Appellant. [17 NYS3d 860]—

Judgment, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered November 19, 2013, after a jury trial, to the extent appealed from as limited by the briefs, awarding plaintiff $246,000 for past loss of earnings, plus interest at the rate of 9% per year from the date of the liability verdict of October 4, 2010, unanimously modified, on the law, to vacate the award of interest, and remand the matter to calculate interest at the rate of 3% per year from the date of the liability verdict of October 4, 2010, and otherwise affirmed, without costs.

The jury's award for past loss of earnings was not speculative or excessive, as it was based on the evidence adduced at trial, including, among other things, plaintiff's testimony and income tax returns (*see Estate of Ferguson v City of New York*, 73 AD3d 649, 650 [1st Dept 2010]).

Pursuant to Public Authorities Law § 1212 (6), the rate of interest on the judgment may be no more than 3% per year. Although the judgment is against the City, and not the New York City Transit Authority, which is not a party to this action, the Transit Authority is the real party in interest, as it is bound to indemnify the City pursuant to a lease, and will ultimately pay the judgment (*see Ebert v New York City Health & Hosps. Corp.*, 82 NY2d 863, 866-867 [1993]; *see also Williams v City of New York*, 111 AD3d 420 [1st Dept 2013]). Therefore, the interest rate set forth in Public Authorities Law § 1212 (6) applies to the judgment (*Williams*, 111 AD3d at 420). Although the City did not object to the interest rate when the judgment was proposed for settlement, the 3% interest rate is mandated by statute, and the error should be corrected (*see id.*). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.