█ In the Matter of ARNOLD NELSON, Respondent, v NATIONWIDE MEASURING SERVICE, INC., et al., Appellants, et al., Respondent.—In a proceeding to examine certain corporate books and records, the appeal is from an order of the Supreme Court, Nassau County, entered April 23, 1976, which, *inter alia,* adjudged appellants to be in contempt of court. Order affirmed, with $50 costs and disbursements. This appeal involves a contempt proceeding commenced by notice of motion. The proceeding was commenced under former section 757 of the Judiciary Law. That section contained the requirement that an application to punish for contempt be commenced by an order to show cause. A primary issue on appeal is whether this requirement is jurisdictional, or whether the procedural defect may be waived. The modern view is to treat the defect of commencing a contempt proceeding by notice of motion as a mere irregularity which is waived by the failure to timely object (see *Matter of Calabro Constr. Corp. v W. R. B. Holding Corp.,* 48 Misc 2d 918; *Maigille v Leonard,* 102 App Div 367, affd 181 NY 558). In the instant appeal the appellants and their counsel were personally served. They appeared to oppose the contempt application on its merits. In this situation, commencing the contempt application by notice of motion had no prejudicial effect. The New York State Legislature has apparently adopted the view that there is normally no prejudice if a contempt proceeding is commenced by notice of motion. Effective July 12, 1977, former section 757 of the Judiciary Law was repealed and replaced by section 756 of the Judiciary Law (L 1977, ch 437, § 2). That section provides that: "An application to punish for a contempt punishable civilly may be commenced by notice of motion returnable before the court or judge authorized to punish

for the offense, or by an order of such court or judge requiring the accused to show cause before it, or him, at a time and place therein specified, why the accused should not be punished for the alleged offense. The application shall be noticed, heard and determined in accordance with the procedure for a motion on notice in an action in such court, provided, however, that, except as provided in section fifty-two hundred fifty of the civil practice law and rules or unless otherwise ordered by the court, the moving papers shall be served no less than ten and no more than thirty days before the time at which the application is noticed to be heard. The application shall contain on its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend printed or type written in a size equal to at least eight point bold type: WARNING: YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT." It is well settled that appellate courts must apply the law as it exists on the date of the decision (see *Strauss v University of State of N. Y.*, 2 NY2d 464; *People v Loria*, 10 NY2d 368; *Kelly v Long Is. Light. Co.*, 31 NY2d 25). Since the present law provides that an application to punish for contempt may be commenced by notice of motion, the issue of whether the procedural requirements of former section 757 of the Judiciary Law were jurisdictional is now moot. As applied to this particular case, it is of no consequence that the application did not contain the printed notice that failure to appear may result in arrest and imprisonment. Both the appellants and their attorney were timely served and appeared to contest the application. It cannot be reasonably asserted that the absence of a warning had any prejudicial effect on the appellants. Turning to the merits, the record amply supports the finding that the appellants be held in contempt. Even after agreeing to allow further inspection, they persisted in dilatory tactics. They have repeatedly failed to comply with the various orders of inspection. The record also supports Special Term's award of fees. Martuscello, J. P., Margett, Rabin and O'Connor, JJ., concur.