■ STANLEY LIEBMAN et al., Respondents, v OTIS ELEVATOR

COMPANY, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Levine, J.), entered November 4, 1987, which, upon a jury verdict, is in favor of the plaintiff Stanley Liebman and against it in the principal amount of $1,680,000, and is in favor of the plaintiff Margaret Liebman and against it in the principal amount of $200,000.

Ordered that the judgment is modified, on the law, by deleting therefrom the provisions awarding the plaintiff Stanley Liebman $150,000 for future medical expenses and $30,000 for hospital expenses; as so modified, the judgment is affirmed, with costs to the respondents, and the matter is remitted to the Supreme Court, Kings County, for entry of an amended judgment accordingly.

Inasmuch as the defendant made no showing of prejudice, the trial court did not abuse its discretion when it granted the plaintiffs' motion, made during the course of the trial, to amend their ad damnum clause (see, CPLR 3025; *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, *rearg denied* 55 NY2d 801). Nor do we agree that the comments of the plaintiffs' counsel during summation regarding the defendant's expert warrant a new trial. While the comments were improper (cf., *Weinberger v City of New York,* 97 AD2d 819), the offensive remarks were brief and we are satisfied that they did not have an effect on the jury's findings (see, *Kavanaugh v Nussbaum,* 129 AD2d 559, 561, *mod on other grounds* 71 NY2d 535; *Barry v Manglass,* 77 AD2d 887, 890, *affd* 55 NY2d 803, *rearg denied* 55 NY2d 1039). Moreover, the evidence on the record amply supports the jury's award of damages for pain and suffering, lost wages and loss of services. However, there is insufficient evidence in the record concerning necessary future medical care and prior hospital expenses.

The testimony of the plaintiffs' expert that the plaintiff Stanley Liebman will require "observation [and] treatment of symptoms, either by bracing, by medication or by manipulation" was so vague that no award could be based upon it (see, e.g., *Buggs v Veterans Butter & Egg Co.,* 120 AD2d 361). Further, the jury clearly did not accept the injured plaintiff's testimony of his need for chiropractic treatment three times per week, as an award calculated upon that testimony would have been substantially in excess of $150,000. As there was no other testimony concerning future medical needs, it is clear that the jury's award of $150,000 for future medical expenses was speculative, and cannot be permitted to stand.

The plaintiffs also failed to submit adequate proof of previous hospital expenses. No certified bills of the hospitals involved were produced. Instead the plaintiffs' expert estimated the probable cost of Stanley Liebman's hospitalization. This speculative testimony is insufficient to support the jury's award, especially as that award exceeded the doctor's estimate. Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.