■ LINDA O'CONNOR, Respondent, v MICHAEL ROSENBLATT, Appellant. [714 NYS2d 327] —In an action to recover damages for personal injuries, the defendant appeals from an amended judgment of the Supreme Court, Kings County (Douglass, J.), entered July 30, 1999, which, after a nonjury trial finding that the defendant was 100% at fault in the happening of the accident, and that the plaintiff had sustained damages in the sum of $150,000 for past pain and suffering, $25,000 for future pain and suffering, $25,000 for past loss of earnings, and $10,000 for past medical expenses, is in favor of the plaintiff and against him in the principal sum of $210,000.

Ordered that the amended judgment is modified, on the law and the facts, by (1) deleting the provision thereof awarding the plaintiff damages for past lost earnings and substituting therefor a provision dismissing the demand for such relief, (2) deleting the provisions thereof awarding the plaintiff damages in the sum of $150,000 for past pain and suffering, $25,000 for

future pain and suffering, and $10,000 for past medical expenses, and substituting therefor provisions awarding the plaintiff damages in the sum of $55,000 for past pain and suffering, $10,000 for future pain and suffering, and $580 for past medical expenses, and (3) deleting the provision thereof awarding the plaintiff damages in the principal sum of $210,000 and substituting therefor a provision awarding the plaintiff damages in the principal sum of $65,580; as so modified, the amended judgment is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the trial court's conclusion as to the defendant's negligence was not against the weight of the evidence (*see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Matter of Fasano v State of New York,* 113 AD2d 885).

The plaintiff had the burden of establishing damages for past lost earnings with reasonable certainty, such as by submitting tax returns or other relevant documentation (*see, Poturniak v Rupcic,* 232 AD2d 541, 542; *Papa v City of New York,* 194 AD2d 527). The plaintiff failed to do so (*see, Papa v City of New York, supra,* at 531). Similarly, the award of damages for past medical expenses was unsupported by competent evidence to the extent that it exceeded $580, the total amount of the medical bills submitted by the plaintiff (*see, Liebman v Otis El. Co.,* 145 AD2d 546, 548).

The award of damages for past and future pain and suffering was excessive to the extent indicated, as it deviated materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Santucci, J. P., Sullivan, McGinity and Luciano, JJ., concur.