■ WILLIAM SCHILLER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [750 NYS2d 774] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered July 24, 2001, which, upon a jury verdict on the issue of liability, finding the defendant 100% at fault in the happening of the accident, and a jury verdict on the issue of damages, awarding the plaintiff $1,500,000 for past pain and suffering, $4,740,000 for future pain and suffering, and $260,000 for lost earnings, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law and the facts, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from $1,500,000 to $600,000, for future pain and suffering from $4,740,000 to $1,000,000, and for lost earnings from $260,000 to $18,500, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The damages awarded for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Rowe v New York City Tr. Auth.,* 295 AD2d 333; *Zavurov v City of New York,* 241 AD2d 491). Further, claims for lost earnings "must be ascertainable with a reasonable degree of certainty and may

not be based on conjecture" (*Bailey v Jamaica Buses Co.,* 210 AD2d 192 [internal quotation marks omitted]; *Long Is. Airports Limousine Serv. Corp. v Northwest Airlines,* 124 AD2d 711, 713). The award for lost earnings was speculative to the extent indicated.

The defendant's remaining contentions are without merit. Ritter, J.P., Goldstein, H. Miller and Adams, JJ., concur.