■ JORGE CHELLI, Respondent, v BANLE ASSOCIATES, LLC, Defendant and Third-Party Plaintiff-Appellant. P.N.M. ELEVATOR CORP., Third-Party Defendant-Respondent. [803 NYS2d 201]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Queens County (Sampson, J.), entered February 23, 2004, which, upon a jury verdict, inter alia, finding that the plaintiff did not sustain a "grave injury" pursuant to Workers' Compensation Law § 11, and awarding the plaintiff damages in the sum of $3,500,000 for future pain and suffering, and upon an order of the same court dated April 25, 2003, denying its motion pursuant to CPLR 4404 (a) for judgment as a matter of law on the third-party complaint and to set aside the verdict on the issue of damages as excessive, is in favor of the plaintiff and against it in the sum of $11,041,782.06, and is in favor of the third-party defendant and against it, dismissing the third-party complaint.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting the provision thereof dismissing the third-party complaint and substituting therefor a provision in favor of the appellant and against the third-party defendant for common-law indemnification, and (2) deleting the provision thereof awarding the plaintiff damages for future pain and suffering and substituting therefor a provision severing the cause of action as to damages for future pain and suffering and granting a new trial on the issue of those damages only; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, those branches of the motion pursuant to CPLR 4404 (a) which were for judgment as a matter of law on the third-party complaint and to set aside the verdict as to damages for future pain and suffering are granted, and the order dated April 25, 2003, is modified accordingly, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to future pain and suffering from the sum of $3,500,000 to the sum of $2,500,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed insofar as appealed from, without costs or disbursements.

At trial, the appellant contended that it was entitled to judgment as a matter of law on the issue of common-law indemnification from the third-party defendant, the plaintiff's employer, because the plaintiff sustained a "grave injury." A "grave

injury" is defined, inter alia, as "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11). On appeal, the appellant contends, among other things, that it is entitled to judgment as a matter of law on its third-party cause of action for common-law indemnification from the plaintiff's employer, the third-party defendant-respondent, based upon *Rubeis v Aqua Club, Inc.* (3 NY3d 408 [2004]). That case, which was decided by the Court of Appeals while this appeal was pending, defined "permanent total disability" as "unemployability *in any capacity*" (*id.* at 417).

At the time of the trial, there were two competing interpretations as to what the Legislature intended when it used the term "permanent total disability" in Workers' Compensation Law § 11. Thus, at the time of the trial, the Supreme Court correctly denied the appellant's motion for judgment as a matter of law on the issue of whether or not the plaintiff suffered a "grave injury" as defined by Workers' Compensation Law § 11.

The plaintiff's expert, Dr. Hibbard, a neuropsychologist, who was credible and was the only expert to give a substantive opinion on the issue of whether the plaintiff's brain injury rendered him permanently and totally disabled from employment, testified that the brain injury so rendered him permanently and totally disabled. Therefore, we are now constrained to agree with the appellant and grant that branch of its motion which was for judgment as a matter of law on the third-party complaint (*see Rubeis v Aqua Club, supra; see generally Kelly v Long Is. Light. Co.*, 31 NY2d 25, 29 [1972]; *People v Loria*, 10 NY2d 368, 371 [1961]; *Matter of Snyder*, 88 AD2d 772 [1982]; *Matter of Nelson v Nationwide Measuring Serv.*, 59 AD2d 717 [1977]; 1 Newman, New York Appellate Practice § 4.01).

In this regard, we note that although Dr. Feuer, the appellant's expert neurologist, opined in a conclusory fashion that the plaintiff could do light work, when asked what kind of work the plaintiff could do, he indicated that he would defer to the neuropsychologist on that issue. Under these circumstances, and considering the change in the law established by *Rubeis v Aqua Club (supra)*, the appellant is now entitled to judgment as a matter of law on the issues of "grave injury" and its claim for common-law indemnification from the third-party defendant-respondent.

The award of damages for future pain and suffering is excessive to the extent indicated.

The appellant's remaining contentions are either unpreserved for appellate review or without merit.

In light of our determination, we need not reach the remaining contention of the third-party defendant-respondent. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.