■ EUGENIUSZ KARWACKI et al., Respondents, v ASTORIA MEDICAL ANESTHESIA ASSOCIATES, P.C., Also Known as ASTORIA ANESTHESIA ASSOCIATES, P.C., Defendant, and CARLO CINGANELLI, Appellant. [808 NYS2d 123]—

In an action to recover damages for personal injuries, etc., the defendant Carlo Cinganelli appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Kings County (Kramer, J.), dated March 31, 2004, and (2) a judgment of the same court entered July 1, 2004, as, upon a jury verdict on the issue of damages finding that the plaintiff Eugeniusz Karwacki sustained damages of $200,000 for past pain and suffering, $38,000 for past medical expenses, $132,000 for past lost earnings, $400,000 for future pain and suffering, $150,000 for future lost earnings, and $133,000 for future medical expenses, is in favor of the plaintiff Eugeniusz Karwacki and against him in the principal sum of $1,053,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting the provision thereof awarding the injured plaintiff damages for past and future lost earnings in the principal sum of $282,000 and substituting therefor a provision dismissing those claims, and (2) deleting the provision thereof awarding the injured plaintiff damages for past medical expenses and substituting therefor a provision severing the cause of action as to damages for past medical expenses and granting a new trial as to that cause of action only; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the order is modified accordingly, unless within 30 days after service upon

the injured plaintiff of a copy of this decision and order, the injured plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to past medical expenses from the sum of $38,000 to the sum of $32,000, and to the entry of an amended judgment accordingly; in the event that the injured plaintiff so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The injured plaintiff fell off a ladder, sustaining a comminuted intra-articular distal radius fracture of his dominant right wrist. He underwent two operations, sustained permanent damages to his median nerve, and developed traumatic arthritis. Approximately six years following the accident, he continued to experience pain, weakness, and limited range of motion in his right hand. He also suffered from weakened grip strength and numbness in some of his right fingers. Under the circumstances, contrary to the contention of the defendant Carlo Cinganelli (hereinafter the appellant), the jury award for past and future pain and suffering was not excessive (see Marrone v Orson Holding Corp., 15 AD3d 631 [2005]; Harris v City of New York, 2 AD3d 782 [2003]; Cabezas v City of New York, 303 AD2d 307 [2003]; Julien v Physician's Hosp., 231 AD2d 678 [1996]).

The plaintiffs had the burden of establishing damages for past and future lost earnings with reasonable certainty, such as by submitting tax returns or other relevant documentation (see St. Hilaire v White, 305 AD2d 209 [2003]; Schiller v New York City Tr. Auth., 300 AD2d 296 [2002]; Bailey v Jamaica Buses Co., 210 AD2d 192 [1994]; O'Connor v Rosenblatt, 276 AD2d 610 [2000]). Even assuming that the plaintiffs' tax returns were properly submitted in evidence, they failed to establish with reasonable certainty the injured plaintiff's damages for past and future lost earnings (see Papa v City of New York, 194 AD2d 527 [1993]).

The Supreme Court should not have submitted evidence of past medical services provided by Dr. Areta Podhorodecki since the plaintiffs had failed to provide an authorization for the injured plaintiff's medical records from Dr. Podhorodecki's office and the plaintiffs had failed to provide any medical records

relating to Dr. Podhorodecki's services prior to the trial (*see generally Raymond v Rutherford,* 12 AD3d 355 [2004]; *Alto v Gilman Mgt. Corp.,* 7 AD3d 650 [2004]). Additionally, the award for past medical expenses was unsupported by competent evidence to the extent that it exceeded $32,000 (*see O'Connor v Rosenblatt, supra*).

The appellant's remaining contention is without merit. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.