■ NICOLA DeVITO, Respondent-Appellant, v OI YING HO, Appellant-Respondent. [807 NYS2d 659]—In an action to recover damages for personal injuries, (1) the defendant appeals (a) from a judgment of the Supreme Court, Kings County (Harkavy, J.), entered May 12, 2004, which, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against her in the principal sum of $99,300, representing $25,000 for past pain and suffering, $27,500 for past medical expenses, and $46,800 for past loss of earnings (b), as limited by her brief, from so much of an order of the same court dated November 24, 2004, as denied her cross motion pursuant to CPLR 4404 (a), (i) to set aside so much of the jury verdict as awarded the plaintiff damages in the sum of $46,800 for past loss of earnings and to dismiss that claim and (ii) to set aside so much of the jury verdict as awarded the plaintiff damages in the sum of $27,500 for past medical expenses and for a new trial on that issue only, and (2) the plaintiff cross-appeals, as limited by his brief, from (a) so much of the same judgment as (i) awarded him the sum of only $25,000 for past pain and suffering and (ii) awarded him $0 damages for future pain and suffering and, (b) so much of the same order as denied his motion pursuant to CPLR 4404 (a) to set aside the jury's awards for past and future pain and suffering, and for a new trial on those issues.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof denying those branches of the motion which were to set aside the damages award for past pain and suffering and for a new trial thereon and substituting therefor a provision granting those branches of the motion, (2) deleting the provisions thereof denying those branches of the cross motion which were (a) to set aside the damages award for past loss of earnings and to dismiss the demand for such relief and (b) to set aside the damages award of $27,500 for past medical expenses, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the judgment dated May 12, 2004, is

vacated, the claim for past loss of earnings is dismissed, and a new trial is granted with respect to the damages for (1) past pain and suffering, unless within 20 days after service upon the defendant of a copy of this decision and order, the defendant serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the sum of $25,000 to the sum of $60,000, and to the entry of an appropriate amended judgment accordingly, and (2) past medical expenses, unless within 20 days after service upon the plaintiff with a copy of this decision and order the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past medical expenses from the sum of $27,500 to the sum of $22,942 and to the entry of an appropriate amended judgment accordingly; in the event that the defendant and the plaintiff so stipulate, then the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly; and it is further,

Ordered that the appeal from the judgment is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the order.

Since the plaintiff now concedes that he was not entitled to an award of past lost earnings, the judgment and the order must be modified accordingly (see O'Connor v Rosenblatt, 276 AD2d 610, 611 [2000]; Poturniak v Rupcic, 232 AD2d 541, 542 [1996]; Papa v City of New York, 194 AD2d 527, 531 [1993]; see generally Schiller v New York City Tr. Auth., 300 AD2d 296 [2002]).

The plaintiff failed to submit adequate proof as to the alleged hospital fees of $2,000 to cover the costs of the operating room at Lutheran Medical Center since those fees were not reflected on the hospitals bills entered into evidence. Additionally, the plaintiff conceded that $2,558.26 of the sum awarded for past medical expenses was not supported by the evidence. Accordingly, the award of damages for past medical expenses should be reduced by the sum of $4,558.26 to the sum of $22,942 (see O'Connor v Rosenblatt, supra; Liebman v Otis El. Co., 145 AD2d 546, 548 [1988]). The defendant's remaining contentions on the issue of past medical expenses are either without merit or not preserved for appellate review.

The jury's award for past pain and suffering materially deviated from what would be reasonable compensation to the extent indicated (see CPLR 5501 [c]; Claudio v City of New York, 280 AD2d 403 [2001]; Torres v City of New York, 235 AD2d 416

[1997]). Contrary to the plaintiff's contention, the jury's $0 award for future pain and suffering was not against the weight of the evidence (*see* CPLR 5501 [c]; *Nicastro v Park,* 113 AD2d 129 [1985]). Florio, J.P., Crane, Ritter and Lifson, JJ., concur.