■ Jesse Cintron, Jr., an Infant, by His Father and Natural Guardian, Jesse Cintron, Sr., et al., Appellants, v New York City Transit Authority, Respondent. [857 NYS2d 72]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered January 4, 2007, which granted defendant's motion to set aside a jury verdict on damages to the extent of granting a new trial unless plaintiff stipulated to reduce the $20 million award for past and future pain and suffering to $2.5 million, before a further 50% reduction for plaintiff's own negligence, unanimously modified, on the law and the facts, without costs, to increase the stipulation amount to $4.75 million, before a further 50% reduction for plaintiff's own negligence, and otherwise affirmed, without costs.

The infant plaintiff was 14 years old when he suffered a traumatic brain injury and hip fracture after being hit by a subway car as he was painting graffiti in a subway tunnel. His injuries included such cognitive impairments as significant deficits in perceptual organization, processing speed and memory; residual weakness principally in the left hand; pain and headaches; and depression. The awards for pain and suffering, as set by the jury, were clearly excessive, and the trial court correctly found that they deviated "materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Paek v City of New York*, 28 AD3d 207 [2006], *lv denied* 8 NY3d 805 [2007]). However, although the court reasoned that plaintiff's injuries were not as severe as other brain trauma cases it analyzed, we cannot agree that $2.5 million is sufficient compensation for past and future pain and suffering. We thus modify the court's figure to the extent indicated. Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ.