■ Victor Cueto, Plaintiff, v Hamilton Plaza Company, Inc., et al., Defendants, and Reckson Construction and Development, LLC, Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. Special Trades Contracting and Construction Trust, Nonparty Appellant. [889 NYS2d 66]—

In an action to recover damages for personal injuries, and a related third-party action, the nonparty Special Trades Contracting and Construction Trust, care of New York Compensation Managers third-party administrator for Workers' Compensation for Arkay Contracting, appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated August 25, 2008, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the third-party complaint for common-law indemnification and contribution for failure to state a cause of action.

Ordered that the order is affirmed, with one bill of costs to the defendant third-party plaintiff-respondent.

On October 18, 2004 the plaintiff Victor Cueto, a construction worker, allegedly was injured when a portion of a ceiling fell on him at a construction project in White Plains. After the plaintiff's workers' compensation claim against his employer Arkay Contracting (hereinafter Arkay) was settled, the plaintiff commenced an action to recover damages for personal injuries against various owners, managers, contractors, and subcontractors on the construction project. The defendant Reckson Construction and Development, LLC (hereinafter Reckson), commenced a third-party action against Arkay, inter alia, for common-law indemnification and contribution. Special Trades Contracting and Construction Trust, care of New York Compensation Managers third-party administrator for Workers' Compensation for Arkay Contracting (hereinafter Special Trades), the workers' compensation benefits administrator for Arkay, moved pursuant to CPLR 3211 (a) (7) to dismiss the cause of action in the third-party complaint for common-law indemnification and contribution. In support of the motion, Special Trades asserted that the third-party complaint failed to sufficiently allege that Cueto had suffered a "grave injury" and that, therefore, section 11 of the Workers' Compensation Law barred Reckson's claim for common-law indemnification and contribution. The Supreme Court denied the motion, and we affirm.

In deciding a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, [and] accord the plaintiff the benefit of every possible inference" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009]; *Smith v Meridian Tech.,*

*Inc.*, 52 AD3d 685, 686 [2008]). Section 11 of the Workers' Compensation Law provides, in relevant part: "An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' which shall mean only one or more of the following: . . . an acquired injury to the brain caused by an external physical force resulting in permanent total disability." In *Rubeis v Aqua Club, Inc.* (3 NY3d 408, 413 [2004]), the Court of Appeals held that "permanent total disability" requires a showing that a worker "is no longer employable in any capacity" (*see Chelli v Banle Assoc., LLC*, 22 AD3d 781, 783 [2005]). Here, the third-party complaint alleged that the injuries alleged by Cueto in his complaint and bill of particulars would, if proven, constitute a "grave injury" as defined by Workers' Compensation Law § 11. In affording the allegations in the complaint and bill of particulars the required liberal construction as required (*see Breytman v Olinville Realty, LLC*, 54 AD3d at 703), we find that they sufficiently alleged that Cueto suffered a "grave injury," and, consequently, that the Supreme Court properly denied Special Trades's motion pursuant to CPLR 3211 (a) (7) to dismiss the cause of action in the third-party complaint for common-law indemnification and contribution (*see Wilt v Brunswick Plaza*, 281 AD2d 840, 841 [2001]).

The parties' remaining contentions are without merit. Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.