■ NORMA BELT, Respondent, v ALBERT GIRGIS et al., Appellants. [920 NYS2d 151]—

The evidence at this nonjury trial established that Rashawna Belt (hereinafter the plaintiff), on whose behalf the plaintiff Norma Belt commenced this action, was a pedestrian when she was struck by a vehicle owned by the defendant Albert Girgis and operated by the defendant Rasheen Ford.

As a result of the accident, the plaintiff was in a coma for approximately three weeks. She sustained, among other injuries, a left femoral fracture, a right clavicular fracture, laceration of the right anterior tibial area, a fracture of the right medial malleolus, a fracture of the pubic rami, and a severe head injury, including an intracranial hemorrhage on the left parietal hemisphere and a left frontal lobe intra-axial hematoma with right temporal bone fracture.

To the extent indicated herein, the damages awarded for past pain and suffering, future pain and suffering, and future medical expenses deviated materially from what would be reasonable compensation under the circumstances (*see* CPLR 5501 [c];

*Coque v Wildflower Estates Devs., Inc.*, 58 AD3d 44, 56 [2008]; *Cintron v New York City Tr. Auth.*, 50 AD3d 466, 467 [2008]; *Chelli v Banle Assoc., LLC*, 22 AD3d 781, 782-783 [2005]; *Diaz v Parsons Props.*, 309 AD2d 892, 893 [2003]; *Reed v City of New York*, 304 AD2d 1 [2003]; *Lind v City of New York*, 270 AD2d 315, 316-317 [2000]). Additionally, the amount awarded in damages for past medical expenses was supported by the record only to the extent indicated herein (*see DeVito v Oi Ying Ho*, 25 AD3d 750, 751 [2006]; *O'Connor v Rosenblatt*, 276 AD2d 610, 611 [2000]; *Liebman v Otis El. Co.*, 145 AD2d 546, 547-548 [1988]).

The plaintiff was not entitled to punitive damages, as she neither demanded punitive damages in her pleadings, nor made a timely application to conform the pleadings to the proof (*see Dental Health Assoc. v Zangeneh*, 34 AD3d 622, 625 [2006]; *Crispino v Greenpoint Mtge. Corp.*, 2 AD3d 478, 479 [2003]).

We also vacate the remainder of the judgment insofar as it is against the defendant Albert Girgis, since that relief is inextricably intertwined with the judgment against the defendant Rasheen Ford (*see Matter of Burk*, 298 NY 450, 455 [1949]; *Johs v P.G.S. Carting Co., Inc.*, 40 AD3d 929, 935 [2007]; *Wheeler v Buxton Indus. Equip. Co.*, 292 AD2d 521, 523 [2002]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.