■ James Lane, Respondent, v Willie Smith, Jr., et al., Appellants, et al., Defendant. [922 NYS2d 788]—In an action to recover damages for personal injuries, the defendants Willie Smith, Jr., and Norma Campbell Smith appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated September 11, 2009, as denied that branch of their motion which was for leave to renew both their opposition to the plaintiff's motion for leave to enter a default judgment against them on the issue of liability, which had been granted in an order entered June 4, 2009, and their motion to vacate their default in answering the complaint, which had been denied in an amended order entered July 13, 2009.

In an action to recover damages for personal injuries, the defendants Willie Smith, Jr., and Norma Campbell Smith appeal from a judgment of the Supreme Court, Queens County (Markey, J.), entered March 26, 2010, which, upon their default in answering the complaint or appearing in the action, upon an order entered June 4, 2009, granting the plaintiff's motion for leave to enter a default judgment against them on the issue of liability, upon an amended order entered July 13, 2009, inter alia, denying their motion to vacate their default, upon an order dated September 11, 2009, denying their motion for leave to renew both their opposition to the plaintiff's motion for leave to enter a default judgment and their motion to vacate their default, and after an inquest on the issue of damages at which they appeared, after which the plaintiff was awarded, among other things, the sums of $3,182 for past lost earnings and $3,530 for past medical expenses, is in favor of the plaintiff and against them in the principal sum of $216,712.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof awarding the plaintiff damages for past lost earnings in the sum of $3,182, and (2) by deleting the provision thereof awarding the plaintiff damages for past medical expenses in the sum of $3,530, and substituting therefor a provision awarding the plaintiff damages for past medical expenses in the sum of $530; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment in favor of the plaintiff and against the appellants in the principal sum of $210,530.

A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Assael v 15 Broad St., LLC, 71 AD3d 802, 803 [2010]; Leifer v Pilgreen Corp., 62 AD3d 759, 760 [2009]; Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d 903, 904 [2008]). The determination of what constitutes a reasonable excuse lies within the sound

discretion of the Supreme Court (*see Rivera v Komor*, 69 AD3d 833 [2010]; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d at 904; *Antoine v Bee*, 26 AD3d 306 [2006]). Here, the record supports the Supreme Court's determination that the defendants Willie Smith, Jr., and Norma Campbell Smith (hereinafter together the defendants) did not offer a reasonable excuse for either their failure to appear in the action or answer the complaint, or their failure to oppose the plaintiff's motion for leave to enter a default judgment on the issue of liability. Their excuses that they failed to answer because they believed that their niece had retained counsel for them and that they failed to oppose the plaintiff's motion due to their counsel's illness despite multiple adjournments over the course of almost one year, were unsubstantiated and inadequate given the circumstances of this case (*see Ateres Hasofrim, Inc. v Kralik*, 78 AD3d 1091, 1091 [2010]; *Tobin v Perlmutter*, 288 AD2d 210 [2001]; *Sobel v Village of Scarsdale*, 255 AD2d 500, 500 [1998]). Since the defendants failed to offer a reasonable excuse, it is unnecessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense (*see Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *Levi v Levi*, 46 AD3d 519, 520 [2007]).

The Supreme Court properly denied that branch of the defendants' motion which was for leave to renew their prior motion to vacate their default in appearing in the action or answering the complaint, and in opposing the plaintiff's motion for leave to enter a default judgment against them on the issue of liability. In their motion for leave to renew, the defendants failed to set forth new facts "that would change the prior determination[s]" as well as a "reasonable justification for the failure to present such facts on the prior motion[s]" (CPLR 2221 [e] [2], [3]; *see Ferdico v Zweig*, 82 AD3d 1151 [2011]; *Yarde v New York City Tr. Auth.*, 4 AD3d 352, 353 [2004]; *Johnson v Marquez*, 2 AD3d 786, 788-789 [2003]).

Under the circumstances presented, the awards of $180,000 for past pain and suffering and $30,000 for future pain and suffering do not materially deviate from what would be reasonable compensation (*see* CPLR 5501 [c]; *Wilson v Livingston*, 305 AD2d 585, 585-586 [2003]; *Shurgan v Tedesco*, 179 AD2d 805, 806 [1992]).

However, the plaintiff failed to meet his burden of establishing damages for past lost earnings with reasonable certainty (*see Lodato v Greyhawk N. Am., LLC*, 39 AD3d 494, 495-496 [2007]; *Karwacki v Astoria Med. Anesthesia Assoc., P.C.*, 23 AD3d 438, 439 [2005]). At the inquest on damages, he did not

provide competent medical evidence that he was unable to work for five weeks due to his injuries sustained in the dog attack that is the subject of this action. Consequently, as a matter of law, he is not entitled to recover damages for past lost earnings (*see Szynalo v Barretti Carting Corp.*, 304 AD2d 558, 559 [2003]; *Easley v City of New York*, 189 AD2d 599, 601 [1993]). Similarly, the award of damages for past medical expenses was unsupported by competent evidence to the extent that it exceeded the sum of $530, the total amount of the bill for ambulance services submitted by the plaintiff (*see O'Connor v Rosenblatt*, 276 AD2d 610, 611 [2000]; *Liebman v Otis El. Co.*, 145 AD2d 546, 548 [1988]).

The defendants' remaining contentions are without merit.

We decline the plaintiff's request for the imposition of sanctions, as neither the defendants nor their counsel engaged in sanctionable conduct on this appeal (*see* 22 NYCRR 130-1.1 [c]). To the extent that the plaintiff seeks review of the denial of his request for the imposition of sanctions in the Supreme Court, the plaintiff did not cross appeal from the judgment and, therefore, the issue is not properly before us. Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.