SALLY SCHLIESSMAN, Respondent-Appellant, et al., Plaintiff, *v.* JAMES ANDERSON et al., Appellants-Respondents.

Second Department, March 10, 1969.

*Louis Feren* for respondent-appellant.

*Gordich & Cohen* for appellants-respondents.

MUNDER, J. This is a motion by plaintiff Sally Schliessman to have her cross appeal, from a judgment entered after a jury trial, heard on her notice of appeal, her brief and the defendants' printed record on appeal.

Plaintiff Sally Schliessman was a passenger in her husband's automobile when it was struck by the defendants' truck. She and her husband brought this action to recover their damages. The jury found that the plaintiff husband and the truck driver were both negligent. It awarded Mrs. Schliessman $60,000 against the defendants for her injuries. The trial court granted the defendants' motion to set aside the verdict and for a new trial unless Mrs. Schliessman would stipulate to reduce the verdict to $35,000. She consented.

The defendants appealed from the ensuing judgment and the plaintiffs cross-appealed. However, the plaintiff husband has withdrawn his appeal. The defendants have served a proposed record on appeal which does not contain the notice of the cross appeal and refuse to print that notice unless Mrs. Schliessman pays half the cost of printing the record.

In our opinion, the notice of cross appeal insofar as it was on behalf of Mrs. Schliessman was unauthorized, but her claim that the verdict of $60,000 was improperly reduced may be heard on the defendants' appeal without the necessity either of her notice of appeal being printed or her paying any part of the cost of printing the defendants' record on appeal.

In the usual case, where there are cross appeals, each appellant may perfect his appeal by paying the cost of the printing (or other form of reproduction) of his appendix or, if a joint record on appeal is used, the cost of the record on appeal may be shared (either voluntarily or by direction of the court) by the various appellants. However, the case at bar is an exception to the general rule.

Section 584-a of the former Civil Practice Act (as amd. by L. 1939, ch. 158) provided: " When the appeal is by the defendant from a judgment entered, after trial by jury, for a less

amount than the verdict, such amount having been so fixed by the trial court pursuant to plaintiff's stipulation on defendant's motion to set aside the verdict as excessive, the question as to whether or not the original verdict was excessive shall, without appeal by plaintiff, be deemed to be before the appellate court for review and determination, notwithstanding plaintiff's stipulation to a reduced verdict, and the appellate court to which the appeal is taken, if it does not reverse the judgment, may modify it by increasing the amount thereof to not exceeding the amount of the verdict."

Under this section it was held that a plaintiff may not, by separate notice, appeal from the reduction of a verdict in his favor pursuant to a decision by the trial court, since he had stipulated to the reduction and, therefore, was not a party aggrieved (*Borgia* v. *City of New York*, 12 N Y 2d 151). However, the statute expressly gave a plaintiff who had stipulated to the reduction the right to argue, on the defendant's appeal from the reduced judgment, that the reduction of the verdict was improper.

Present CPLR 5501 (subd. [a], par. 5) is to the same effect as section 584-a of the former Civil Practice Act, even though the language is different. It provides: "(a) * * * An appeal from a final judgment brings up for review: * * * 5. a verdict after a trial by jury as of right, when the final judgment was entered in a different amount pursuant to the respondent's stipulation on a motion to set aside the verdict as excessive * * * ; the appellate court may increase such judgment to a sum not exceeding the verdict ".

Since the notice of appeal on behalf of Mrs. Schliessman was not only unnecessary but was unauthorized, it is not required that it be printed either by the defendants or by her and she may not be required to pay any part of the cost of printing the defendants' record on appeal. It is her right to argue on the defendants' appeal and record that the reduction of the verdict was improper.

The motion should be (1) granted to the extent that Mrs. Schliessman's contentions will be heard on her brief and the defendants' record on appeal and (2) otherwise denied.

CHRIST, Acting P. J., BRENNAN, BENJAMIN and MARTUSCELLO, JJ., concur.

Motion (1) granted to the extent that respondent-appellant's contentions will be heard on her brief and appellants-respondents' printed record on appeal and (2) otherwise denied.