■ FRANCES T. DONOHOE, Respondent-Appellant, v MALVIN A. GOLDNER et al., Appellants-Respondents, et al., Defendants. —In a medical malpractice action to recover damages for personal injuries, (1) the defendants Malvin A. Goldner and Ergi J. Pesiri separately appeal, each from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), dated April 17, 1989, as, upon a jury verdict finding that Ergi J. Pesiri was 25% at fault in the occurrence of the plaintiff's injuries and that the defendant Malvin A. Goldner was 75% at fault in the occurrence of the plaintiff's injuries, and finding that the plaintiff had suffered damages in the amount of $1,925,798 ($1,900,000 for pain and suffering and $25,798 for medical expenses), and upon granting, in an order of the same court, dated February 24, 1989, the appellants' separate motions to set aside the jury verdict to the extent of granting a new trial with respect to damages unless the plaintiff stipulated to accept the principal sum of $625,798, and upon the plaintiff's stipulation to reduce the verdict as to damages to the principal sum of $625,798, is in favor of the plaintiff and against each of them in the principal sum of $625,798, and (2) the plaintiff cross-appeals from the judgment on the ground of inadequacy.

Ordered that Justice Sullivan has been substituted for former Justice Rubin (see, 22 NYCRR 670.1 [c]); and it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements, since the judgment in the amount of $625,798 was entered upon the plaintiff's stipulation (see, CPLR 5511); and it is further,

Ordered that on the appeals by Malvin A. Goldner and Ergi J. Pesiri, the judgment is modified, on the law and the facts and in the exercise of discretion, (1) by deleting the provisions thereof against the defendant Ergi J. Pesiri, and substituting therefor a provision dismissing the complaint insofar as it is asserted against him, and (2) by deleting therefrom the sum $625,798, and substituting therefor the sum $925,798; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the order dated February 24, 1989, is modified accordingly.

In January 1976 the then-50-year-old plaintiff was diagnosed as having breast cancer. She immediately underwent a radical mastectomy, and subsequent chemotherapy. The damage done by the chemotherapy caused her to undergo coronary bypass surgery 10 years later. Sometime thereafter, the plaintiff learned that the cancer had spread to her pelvic bone, causing her to undergo further radiotherapy. She commenced this medical malpractice action against, *inter alia,* Malvin A. Goldner, the internist who treated her in the early 1970's and prescribed Premarin for her menopausal discomfort, and Ergi J. Pesiri, the radiologist who performed a mammography on the plaintiff in 1975 and found no significant abnormalities. After a trial, the jury found Dr. Goldner to be 75% and Dr. Pesiri to be 25% at fault for the plaintiff's injuries, found that her damages for personal injuries amounted to $1,900,000, and that her medical expenses amounted to $25,798. In response to the appellants' separate motions to set aside the jury verdict, the trial court granted a new trial as to damages unless the plaintiff stipulated to reduce the verdict as to damages to $625,798. The defendants Malvin A. Goldner and Ergi J. Pesiri appeal from the judgment, and the plaintiff cross-appeals from the judgment on the ground of inadequacy. Since the plaintiff stipulated to entry of a judgment in the principal sum of $625,798, the cross appeal must be dismissed *(see,* CPLR 5511; *Loughry v Lincoln First Bank,* 66 NY2d 677). However, the plaintiff may be granted relief pursuant to CPLR 5501 (a) (5) *(see, Hecht v City of New York,* 60 NY2d 57, 63, n).

On appeal, the defendant Goldner contends that the plaintiff's expert witness was incredible as a matter of law, and thus the evidence adduced was legally insufficient to establish his liability. He further asserts that the plaintiff totally failed to establish that any negligence on his part proximately caused her injuries. We disagree.

Viewing the evidence in the light most favorable to the plaintiff *(see, Lipsius v White,* 91 AD2d 271, 276), we conclude that the evidence adduced was sufficient to support the jury's determination that the defendant Goldner departed from good and accepted practice in his care and treatment of the plaintiff and that this departure was a proximate cause of her injuries. Moreover, issues of credibility are primarily for the jury to resolve, and we are unable to conclude that the plaintiff's witness was incredible as a matter of law. In short,

it cannot be said that there is "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see, Nicastro v Park,* 113 AD2d 129, 132). Thus, the jury's verdict against the defendant Goldner is based upon legally sufficient evidence. Further, we conclude that the verdict against Goldner was not against the weight of the evidence *(see, Nicastro v Park, supra).*

However, the plaintiff failed to make a prima facie showing that the defendant Pesiri, a radiologist, departed from good and accepted standards of radiological practice or that any such departure was a substantial cause of the plaintiff's injuries *(see, Gross v Friedman,* 138 AD2d 571, *affd* 73 NY2d 721). Indeed, the plaintiff failed to produce an expert qualified to attest to what good and accepted radiological practice was at the time the defendant Pesiri treated her *(see, Weinstein v Daman,* 132 AD2d 547, 550). Thus, the provisions of the judgment against the defendant Pesiri are deleted, and the complaint is dismissed insofar as it is asserted against him.

We have considered the defendants' contentions regarding the plaintiff's attorney's summation and find that they do not warrant reversal.

Finally, although we agree with the trial court's conclusion that the amount of damages awarded by the jury is excessive, we find that $900,000 would constitute reasonable compensation for pain and suffering *(see,* CPLR 5501 [c]; *Rivera v City of New York,* 160 AD2d 985). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.