■ PHILIP GALASSO, Respondent, v ARNOLD A. SALTZMAN, Appellant, et al., Defendants. [839 NYS2d 731]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered October 4, 2006, which, to the extent appealed from, denied so much of defendant's motion as sought dismissal of the second, third and fourth causes of action, reversed, on the law, with costs, the motion granted and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

The alleged defamatory statements constituted permissible opinion. They were made in the context of a heated dispute among residential property owners in Sands Point, a beach com-

munity in Nassau County. After plaintiff allegedly committed criminal trespass in May and early July 2005 by removing trees and a fence on defendant Arnold Saltzman's property, and threatened further, similar action, Saltzman obtained a cease-and-desist order. Subsequently, Saltzman allegedly stated that he was intent on "getting" plaintiff who was "no good" and "a criminal" (second cause of action); that plaintiff was "engaged in criminal conduct" and had "committed crimes" against the property claimed by defendants in an effort to "destroy both our properties and our beach" (third cause of action); and that Saltzman had plaintiff "checked out, and I don't care if he's connected, I'm going to get him" (fourth cause of action). The statements were allegedly made to a former neighbor, a current neighbor and a local businessman. (The motion court previously dismissed two other causes of action.) Plaintiff conceded that he held meetings with the subdivision neighbors to explain and discuss his protest actions, for some of which he supposedly obtained permits or had authorization pursuant to the subdivision plan map.

Given the subjective context and the stated facts underlying Saltzman's statements, they constitute opinion and are not actionable as a matter of law (*Millus v Newsday, Inc.*, 89 NY2d 840 [1996], *cert denied* 520 US 1144 [1997]; *Steinhilber v Alphonse*, 68 NY2d 283, 289 [1986]; *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 380-381 [1977], *cert denied* 434 US 969 [1977]). The record shows that his listeners were familiar with the issues in dispute and with the respective sides' positions. His references to criminality refer to the arguable criminal trespasses on his property and on common areas of the subdivision. The record does not offer a reasonable basis for interpreting the statements as implying that Saltzman knew of additional, undisclosed facts regarding plaintiff's purported criminality.

Even if the statements were not protected opinion, plaintiff's general allegations of injury to reputation and subjection to scorn and hatred were insufficient to support his slander claims. A viable slander claim requires allegations of special damages, i.e., economic or pecuniary loss (*Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]). Nor would Saltzman's use of the term "connected," generally referring to an affiliation with organized crime, constitute slander per se (*see Tracy v Newsday, Inc.*, 5 NY2d 134 [1959]; *Privitera v Town of Phelps*, 79 AD2d 1 [1981], *appeal dismissed* 53 NY2d 796 [1981]), which would be exempt from the requirement that special damages be pleaded. Finally, Saltzman's statements do not evince actual malice, i.e., a de-

famatory statement made with a reckless disregard for the truth or with knowledge that it was false (*see Prozeralik v Capital Cities Communications*, 82 NY2d 466, 474 [1993]). The statements were made in the context of plaintiff's purported demolition/reconstruction activities for which legitimate issues of fact exist, i.e., whether they were duly authorized by the Village in each instance and whether they encroached upon Saltzman's property rights. Arguably, plaintiff could be subject to prosecution for felonious criminal mischief (*see e.g.* Penal Law §§ 145.05, 145.10). Concur—Williams, Gonzalez, Sweeny and Kavanagh, JJ.

Sullivan, J.P., concurs in a separate memorandum as follows: I write to note my disagreement with the majority to the extent that it holds that defendant's statement to plaintiff's landscaper and to numerous other people working on plaintiff's property that, "I had him [plaintiff] checked out, and I don't care if he's connected, I'm going to get him," the subject of the fourth cause of action, is protected opinion.

In my view, these comments constitute mixed opinion, which does not enjoy any such protection. Where statements of opinion imply that they are based upon facts that justify the opinion but are unknown to the listener or reader, they are considered to be mixed opinion and remain actionable as a matter of law (*Steinhilber v Alphonse*, 68 NY2d 283, 289 [1986]). The actionable element of a mixed opinion is not the false opinion itself, but rather the implication that the speaker knows certain facts, unknown to his or her audience, that support the opinion and are detrimental to the person about whom he or she is speaking (*id.* at 290; *Gjonlekaj v Sot*, 308 AD2d 471 [2003]).

Here, the statement by defendant—"I had him [plaintiff] checked out, and I don't care if he's connected"—is more than an implication of unknown facts. It is an explicit reference to undisclosed facts known to defendant that serve as the basis for the defamatory statement, which is intended to convey the implication that plaintiff has suspicious, illicit or otherwise illegal affiliations.

As the majority correctly notes, however, general allegations of injury to reputation are insufficient to support a slander claim. As a general rule, slander is not actionable absent a showing of special harm (*Liberman v Gelstein*, 80 NY2d 429, 434 [1992]), unless the defamatory statement constitutes slander per se (*id.* at 435). Special damages contemplate loss of economic or pecuniary value (*id.* at 434-435). The general allegation of being "connected," a reference to an organized crime affiliation, does not constitute slander per se (*see id.* at 435;

*Privitera v Town of Phelps*, 79 AD2d 1, 4 [1981], *appeal dismissed* 53 NY2d 796 [1981]).

Thus, although contrary to the majority holding, the fourth cause of action states a viable claim of defamation, it fails for lack of an allegation of special damages. With that limited departure from its reasoning, I concur in the majority's reversal of the order on appeal.