■ RONALD GERACI, Respondent-Appellant, v THOMAS PROBST, Doing Business as HENDRICKSON TRUCK CENTER, et al., Appellants-Respondents. [877 NYS2d 386]—

In an action, inter alia, to recover damages for defamation, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (DeMaro, J.), entered September 14, 2007, as, upon a jury verdict finding that the plaintiff sustained damages in the principal sum of $2,950,000 ($2,450,000 in compensatory damages and $500,000 in punitive damages), and upon an order of the same court dated June 22, 2007, granting the defendant's motion to set aside the jury verdict and for a new trial to the extent of granting a new trial on the issue of damages unless the plaintiff consented to reduce the verdict as to damages to the principal sum of $800,000 ($750,000 in compensatory damages and $50,000 in punitive damages), and upon the plaintiff's consent to so reduce the verdict as to damages, is in favor of the plaintiff and against the defendants jointly and severally in the principal sum of $750,000, and in favor of the plaintiff and against the defendant Thomas Probst individually in the sum of $50,000, and the plaintiff cross-appeals, on the ground of inadequacy, from the same judgment.

Ordered that the cross appeal is dismissed, without costs or disbursements, on the ground that the plaintiff is not aggrieved by the judgment in the amount of $800,000 entered upon the plaintiff's stipulation (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Ronald Geraci was a commissioner of the Syosset Fire District (hereinafter the SFD) at the same time that he was business partner with the defendant Thomas Probst in Long Island Fire Apparatus, Inc., a company which sold fire trucks to Long Island fire districts. Following differences with Probst, the plaintiff commenced the instant action to recover damages sustained as a result of a defamatory statement allegedly made by Probst that the plaintiff had illegally profited from a business transaction involving the SFD.

After trial, the jury returned a verdict in favor of the plaintiff and against the defendants in the total sum of $2,950,000, including: $1,250,000 for present injury to reputation; $500,000 for present mental anguish; $400,000 for present loss of income; $250,000 for future injury to reputation, for a period of five years; $0 for future mental anguish; $50,000 for future loss of income, for two years; and punitive damages of $500,000. The defendants moved to set aside the jury verdict as excessive and for a new trial. The Supreme Court granted the defendants' motion to the extent of granting a new trial with respect to damages unless the plaintiff consented to reduce the damages award to the principal sum of $800,000 ($750,000 in compensatory damages and $50,000 in punitive damages). After the plaintiff consented to the reduction, the trial court entered judgment in his favor and against the defendants.

The defendants appeal and the plaintiff cross-appeals from the judgment. On appeal, the defendants contend that the trial court committed numerous errors, including allowing into evidence portions of a related Newsday article and the plaintiff's testimony regarding the Nassau County District Attorney's investigation, as well as charging the jury that Probst's statement constituted defamation per se. On his cross appeal, the plaintiff contends that the trial court erred in reducing the jury's award of damages.

The elements of a cause of action for defamation are a " 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se' " (*Salvatore v Kumar*, 45 AD3d 560, 563 [2007], quoting *Dillon v City of New York,* 261 AD2d 34, 38 [1999]). A false statement constitutes defamation per se when it charges another with a serious crime or tends to injure another in his or her trade, business, or profession (*see Liberman v Gelstein*, 80 NY2d 429, 437-438 [1992]; *Matovcik v Times Beacon Record Newspapers*, 46 AD3d 636, 637 [2007]). Upon a finding that a false statement has alleged a serious crime, a

court may, absent any privilege, send the issue to a jury for a determination of damages (*see Liberman v Gelstein*, 80 NY2d at 436). Here, the Supreme Court properly charged the jury that Probst's statement concerning the plaintiff constituted defamation per se (*see* General Municipal Law §§ 801, 805; *Liberman v Gelstein*, 80 NY2d at 435).

The defendants' contention that the trial court erred in allowing testimony as to republication of Probst's defamatory statements by Newsday is unpreserved for appellate review (*see* CPLR 5501; *Firth v State of New York*, 98 NY2d 365, 372 [2002]). The defendants' contention that the trial court erred in allowing testimony about an investigation of the plaintiff by the District Attorney's office is without merit, as the evidence demonstrated that the investigation was caused by Probst's own defamatory statements (*see Garrison v Sun Print. & Publ. Assn.*, 207 NY 1, 8 [1912]). In addition, the trial court properly allowed testimony about an out-of-court statement regarding the extent of the effect of Probst's defamatory statements on the plaintiff's reputation, as the testimony was not hearsay (*see Gelpi v 37th Ave. Realty Corp.*, 281 AD2d 392 [2001]).

A party who consents to a trial court's reduction of a damages award is not aggrieved by the resulting judgment, and therefore is not entitled to appeal from that judgment (*see* CPLR 5511; *Zhagnay v Royal Realty Co.*, 87 NY2d 954 [1996]). Accordingly, the plaintiff's cross appeal must be dismissed. However, the plaintiff may be afforded relief pursuant to CPLR 5501 (a) (5) (*see Hecht v City of New York*, 60 NY2d 57, 63 n [1983]; *Papa v City of New York*, 194 AD2d 527, 532 [1993]; *Donohoe v Goldner*, 168 AD2d 412, 413 [1990]).

In determining whether a jury's award of damages is excessive, the court should consider whether the award "deviate[s] materially from what would be reasonable compensation" (*see* CPLR 5501 [c]; *K. Capolino Constr. Corp. v White Plains Hous. Auth.*, 275 AD2d 347, 349 [2000]). Here, the Supreme Court properly determined that the damage awards were excessive, and appropriately reduced the same to the extent indicated.

The defendants' remaining contentions are either unpreserved for appellate review (*see* CPLR 5501; *Firth v State of New York*, 98 NY2d at 372), waived (*see Santiago v Rodriguez*, 38 AD3d 639, 640 [2007]), or without merit. Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.