GEORGE NUNEZ et al., Respondents-Appellants, v CITY OF NEW YORK, Appellant-Respondent. [926 NYS2d 113]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Kramer, J.), entered January 20, 2010, as, upon a jury verdict on the issue of damages, inter alia, awarding the plaintiff George Nunez the

principal sums of $3,000,000 for past pain and suffering, $170,000 for past lost earnings, $2,100,000 for future lost earnings, $6,200,000 for future pain and suffering, $40,000 for future medications, $0 for home assistant expenses, and $300,000 for future day care facility expenses, and awarding the plaintiff Evette Nunez the principal sum of $1,500,000 for loss of services, upon an order of the same court dated November 13, 2009, which, inter alia, granted those branches of its motion pursuant to CPLR 4404 (a) which were to set aside as excessive the damages awarded as to past and future pain and suffering only to the extent of granting a new trial on the issue of those damages unless the plaintiffs stipulated to reduce the awards for past pain and suffering and future pain and suffering to the principal sums of $1,750,000 and $3,750,000, respectively, and denied those branches of its motion which were to set aside as contrary to the weight of the evidence or as excessive the damages awarded as to future medications, to set aside as excessive the damages awards as to future day care facility expenses and loss of services, and for a collateral source hearing pursuant to CPLR 4545 as to lost earnings, and upon the plaintiffs' consent to so reduce the verdict on the issue of damages as to past and future pain and suffering, is in favor of the plaintiffs and against it in the principal sums of $1,750,000 and $3,750,000, for past and future pain and suffering, respectively, $1,500,000 for loss of services, $300,000 for future day care facility expenses, and $40,000 for future medications; and the plaintiffs cross-appeal, as limited by their brief, on the ground of inadequacy, from so much of the same judgment as awarded them the principal sums of only $1,750,000 and $3,750,000, for past and future pain and suffering, respectively.

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff Evette Nunez the principal sum of $1,500,000 for loss of services; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, those branches of the defendant's motion which were to set aside as excessive the damages award as to loss of services and for a collateral source hearing pursuant to CPLR 4545 as to lost earnings are granted, the order dated November 13, 2009, is modified accordingly, a new trial is granted on the issue of damages as to loss of services, unless, within 30 days after service upon the plaintiff Evette Nunez of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a writ-

ten stipulation consenting to reduce the verdict as to loss of services from the principal sum of $1,500,000 to the principal sum of $350,000, and to the entry of an amended judgment accordingly, and the matter is remitted to the Supreme Court, Kings County, for a collateral source hearing pursuant to CPLR 4545 as to lost earnings, to be held after the filing of such stipulation or after a new trial as to loss of services; in the event the plaintiff Evette Nunez so stipulates, then the judgment, as so further reduced and amended, and as further reduced by any collateral source offsets to which the defendant may be entitled pursuant to CPLR 4545, is affirmed insofar as appealed from, without costs or disbursements.

A party who consents to a trial court's reduction of a damages award is not aggrieved by the resulting judgment, and therefore is not entitled to appeal from that judgment (*see* CPLR 5511; *Zhagnay v Royal Realty Co.*, 87 NY2d 954 [1996]; *Donohoe v Goldner*, 168 AD2d 412, 413 [1990]). Accordingly, the plaintiffs' cross appeal must be dismissed (*see Donohoe v Goldner*, 168 AD2d at 413; *see also Borgia v City of New York*, 12 NY2d 151 [1962]; *Schliessman v Anderson*, 31 AD2d 367 [1969]). While the plaintiffs could be granted relief pursuant to CPLR 5501 (a) (5) (*see Papa v City of New York*, 194 AD2d 527, 532 [1993]; *Donohue v Goldner*, 168 AD2d at 413; *Schliessman v Anderson*, 31 AD2d 367 [1969]), such relief is not warranted here.

The damages awarded to the plaintiff George Nunez as to past and future pain and suffering, as reduced by the Supreme Court subject to the plaintiffs' stipulation, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The damages awarded to the plaintiff George Nunez as to future medications and future day care facility expenses did not deviate materially from what would be reasonable compensation (*id.*).

Furthermore, the damages awarded to the plaintiff George Nunez as to future medications was based on a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]).

The damages awarded to the plaintiff Evette Nunez as to loss of services deviated materially from what would be reasonable compensation to the extent indicated herein.

"[T]o be entitled to a collateral source hearing, the defendant must tender some competent evidence from available sources that the plaintiff's economic losses may in the past have been, or may in the future be, replaced, or the plaintiff indemnified,

from collateral sources" (*Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 36 [2008]). Because the defendant proffered evidence showing its entitlement to a collateral source hearing, the Supreme Court erred in denying that branch of its motion which was for a collateral source hearing pursuant to former CPLR 4545 as to lost earnings. Accordingly, we remit the matter to the Supreme Court, Kings County, for a collateral source hearing pursuant to former CPLR 4545 as to lost earnings. The record is insufficient for this Court to determine whether CPLR 4545 (former [b]) or CPLR 4545 (former [c]) applies. However, we note that if the Supreme Court determines that CPLR 4545 (former [b]) governs in the instant matter, CPLR 4545 (former [b]) permits a damages award to be offset only by the collateral source reimbursement of past costs or expenses (*see* CPLR 4545 [former (b)]; *Iazzetti v City of New York*, 94 NY2d 183 [1999]; *cf.* CPLR 4545 [former (c)]). Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.