■ Lucille Turuseta, Appellant, v Wyassup-Laurel Glen Corp. et al., Respondents. [937 NYS2d 76]—

The plaintiff successfully moved pursuant to CPLR 4404 (a)

to set aside a jury verdict in favor of her and against the defendants in the sum of only $80,000. After a new trial on the issue of damages, on June 19, 2009, the jury awarded the plaintiff the principal sums of $576,867 for past pain and suffering, $2,219,229 for future pain and suffering for a period of 28.2 years, $234,468 for past loss of earnings, $605,797 for future loss of earnings for a period of 11.14 years, $23,000 for future medical expenses for a period of 10.08 years, and $90,639 for expenses for future household services for a period of 29.1 years. On July 8, 2009, the defendants moved pursuant to CPLR 4404 (a) to set aside the jury verdict. On August 10, 2009, while the defendants' motion to set aside the verdict was pending, the plaintiff entered judgment without providing the defendants with notice that she was going to do so. In an order dated October 16, 2009, the Supreme Court denied the defendants' motion. On December 16, 2009, the plaintiff finally served a copy of the judgment with notice of entry upon the defendants.

On February 3, 2010, the defendants moved pursuant to CPLR 4545 to compel a collateral source hearing. They made the motion returnable on March 5, 2010. The plaintiff opposed the motion, arguing that judgment had already been entered in her favor in the action, that the defendants had been directed by the Supreme Court to make all posttrial motions no later than 30 days after the jury rendered its verdict, and that the defendants' motion for a collateral source hearing was, thus, untimely. After the motion was fully submitted, an amended judgment dated March 16, 2010, was thereafter entered. In an order dated May 10, 2010, the Supreme Court granted the defendants' motion, rejecting the plaintiff's contention that the defendants were subject to a time limit within which to request a collateral source hearing, and made their motion after that time limit had lapsed. The plaintiff appeals from the order dated May 10, 2010, and we affirm.

CPLR 4545 (a) provides, in relevant part, that "[a]ny collateral source deduction required by this subdivision shall be made by the trial court after the rendering of the jury's verdict." The statute, by its terms, does not specify the procedures to be employed by the trial court in making the appropriate deductions, and does not specify a time limit within which a defendant may request a hearing to determine the appropriate amount of the deductions. "[A]n application for a collateral source hearing may be timely made any time before the judgment is entered, unless the court directs otherwise" (*Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 32 [2008] [citation omitted]). Here, the defendants established that a collateral

source hearing was warranted by tendering "some competent evidence from available sources that the plaintiff's economic losses may in the past have been, or may in the future be, replaced, or the plaintiff indemnified, from collateral sources" (*id.* at 36; *see Nunez v City of New York*, 85 AD3d 885, 887-888 [2011]). In addition, the time limit imposed by the Supreme Court for posttrial motions was clearly meant to encompass motions to set aside the verdict pursuant to CPLR 4404 (a), as those types of motions are generally required to be made no later than 15 days after the verdict (*see* CPLR 4405; *cf. Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d at 32). Moreover, since "[i]t appears that [the plaintiff's] efforts to enter a judgment may have been undertaken, at least in part, to circumvent potential collateral source setoffs" (*Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d at 32), in light of the fact that entry of judgment was effected without notice while the defendants' CPLR 4404 (a) motion to set aside the verdict was pending, the Supreme Court providently exercised its discretion in granting the defendants' motion for a collateral source hearing despite the fact that judgment had already been entered. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.