In the Matter of SUSAN KONIG, Respondents, v WORD-PRESS.COM, Respondent, and Q-TIP, Intervenor-Appellant. [978 NYS2d 92]—

In a proceeding pursuant to CPLR 3102 (c) to obtain pre-action disclosure, Q-Tip appeals, as limited by the brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated October 12, 2012, as granted the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed.

In July 2012, the petitioners commenced this proceeding pursuant to CPLR 3102 (c) to obtain pre-action disclosure. The petitioners alleged, inter alia, that defamatory statements were published about them by an anonymous blogger referred to as "Q-Tip" on a website called "Watch Croton," and sought disclosure of Q-Tip's identity for the purpose of commencing a defamation action against that individual. In an order dated October 12, 2012, the Supreme Court, inter alia, granted the petition. Q-Tip appeals.

Before an action is commenced, "disclosure to aid in bringing an action" may be obtained by court order (CPLR 3102 [c]), including "discovery in order to obtain information relevant to determining who should be named as a defendant" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 129 [2009], *affd* 16 NY3d 775 [2011]). A petition for pre-action discovery limited to obtaining the identity of prospective defendants should be granted where the petitioner has alleged facts fairly indicating that he or she has some cause of action (see *Matter of Toal v Staten Is. Univ. Hosp.*, 300 AD2d 592 [2002]; *Matter of Scattoreggio v Cablevision Sys. Corp.*, 203 AD2d 468 [1994]; *Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.]*, 58 AD2d 629, 630 [1977]).

Although Q-Tip argues for the first time on appeal that the

petitioners failed to state a cause of action alleging defamation, we reach the issue because it involves a question of law that appears on the face of the record, and could not have been avoided if brought to the attention of the Supreme Court (*see Guy v Hatsis*, 107 AD3d 671 [2013]).

Contrary to the Supreme Court's determination, the petitioners failed to allege facts fairly indicating that they have a cause of action alleging defamation based on the two blog posts at issue by Q-Tip. "The elements of a cause of action for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (*Geraci v Probst*, 61 AD3d 717, 718 [2009] [internal quotation marks omitted]). "In determining whether a complaint states a cause of action to recover damages for defamation, the dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff" (*Goldberg v Levine*, 97 AD3d 725, 725 [2012]). Further, "[a] false statement constitutes defamation per se when it charges another with a serious crime or tends to injure another in his or her trade, business, or profession" (*Geraci v Probst*, 61 AD3d at 718).

Here, given the context in which the challenged statements were made, on an Internet blog during a sharply contested election, a reasonable reader would have believed that the generalized reference to "downright criminal actions" in a post entitled "Would You Buy A Used Car From These Men?" was merely conveying Q-Tip's opinion, and was not a factual accusation of criminal conduct (*see Melius v Glacken*, 94 AD3d 959 [2012]; *Galasso v Saltzman*, 42 AD3d 310 [2007]; *Versaci v Richie*, 30 AD3d 648 [2006]). Further, the petitioners failed to demonstrate that the remaining portions of the challenged statements by Q-Tip constituted defamation per se (*see Rufeh v Schwartz*, 50 AD3d 1002 [2008]; *Sharratt v Hickey*, 20 AD3d 734 [2005]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court erred in granting the petition. Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.