Cardali v Slater (2018 NY Slip Op 08544)





Cardali v Slater


2018 NY Slip Op 08544


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7862 111546/11

[*1]Robert A. Cardali, et al., Plaintiffs-Appellants,
v
Richard Slater, Defendant-Respondent, Winsbert Spence, Defendant.


Robert A. Cardali & Associates, LLP, New York (Robert A. Cardali of counsel), for appellants.
Stephens, Baroni, Reilly & Lewis, LLP, White Plains (Stephen R. Lewis of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 23, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to the first cause of action for libel per se, and granted defendant Richard Slater's cross motion for summary judgment dismissing the claim, unanimously affirmed, with costs.
Plaintiff Robert A. Cardali is an attorney and the principal of plaintiff law firm (the Cardali Firm). Defendant Richard Slater was employed as an attorney at the Cardali Firm from 2003 until he was terminated in 2010. Following his termination, Slater became aware of an issue in the way the Cardali Firm billed certain clients. Slater reported this issue to the Departmental Disciplinary Committee (the DDC), which determined that the Cardali Firm's billing practices were in violation of the Rules of Professional Conduct (RPC) (22 NYCRR 1200.0). While the DDC's investigation was pending, Slater made certain statements about Cardali to his former colleagues at the Cardali Firm.
The libel per se claim was properly dismissed because Slater's statement that Cardali was "really nothing more than a common criminal" is a nonactionable statement of opinion (see generally Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]). The phrase has an imprecise meaning that is not capable of being proven true or false and, when read in context, no reasonable reader would understand it to be accusing Cardali of having been charged with or convicted of an actual crime (see Melius v Glacken, 94 AD3d 959, 960 [2d Dept 2012]; see also Galasso v Saltzman, 42 AD3d 310, 311 [1st Dept 2007]; Lacher v Engel, 33 AD3d 10, 16 [1st Dept 2006]).
In view of the dismissal of the libel per se claim, we need not address plaintiffs' request that the matter be assigned to a new justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK